**Louis G. LOBIT et al., Appellants,**

v.

**Louis CROUCH et al., Appellees.**

**No. 10650.**

Court of Civil Appeals of Texas.

Austin.

April 15, 1959.

Rehearing Denied May 6, 1959.

Paul W. Jeffrey, Houston, Fred L. Blundell, Lockhart, for appellants.

Tom Moore, Lockhart, for appellees.

ARCHER, Chief Justice.

This case was before this Court at a prior term, and the judgment of the trial court was affirmed in Lobit v. Crouch, Tex. Civ.App., 293 S.W.2d 110, er. ref., N.R.E., and to the opinion is made reference for the names and claims of the appellants herein and for a description of the lands.

The judgment in the first trial is as follows:

"This the 31st day of October, 1955, came on to be heard defendants' motion for summary judgment in the above entitled and numbered cause wherein Louis G. Lobit, et al. are plaintiffs and Roberta P. Dickson, individually, and Roberta P. Dickson and The Capital National Bank in Austin, co-trustees for the M. H. Reed Trust No. 2, and Louis Crouch, are defendants, and it appearing to the court that such motion for summary judgment has been made in proper form and time, that proper service thereof has been made and that the parties are before the court for a hearing thereon; and it further appearing that the motion is accompanied by affidavits; and the court having considered the pleadings on file, together with such affidavits, and finding that they show an absence of genuine issue of any material fact, and that this summary judgment should be rendered in behalf of the defendants, Louis Crouch, Roberta P. Dickson, individually, and Roberta P. Dickson and The Capital National Bank in Austin, co-trustees for the M. H. Reed Trust No. 2, it is accordingly adjudged, ordered and decreed that plaintiffs Louis G. Lobit, et al., take nothing of defendants and that said defendants go hence with their costs without day, to which Plaintiffs except in open Court and give notice of appeal to the Court of Civil Appeals of the Third Supreme Judicial District of Texas at Austin, Texas.

"Rendered and signed this 31st day of October, 1955.

"John R. Fuchs
"Judge of the District Court
of Caldwell County, 22nd
Judicial District of Texas"

On February 20, 1958, plaintiffs and appellants in the first trial filed a motion for final judgment, alleging the filing of the original suit, the answers of the defendants and the action of the trial court and of the disposition of the cause on appeal, and sought a judgment for partition of a tract of 2,285 acres of the Talbot survey.

The motion appears to be grounded on the claim that all of the issues were not disposed of in the judgment and the rights of all named parties were not determined, and sought a remand of this cause to the District Court for a hearing in the manner prescribed by the Partition Statutes, Vernon's Ann.Civ.St. art. 6082 et seq.

The defendants Crouch et al. filed a reply to plaintiffs' motion for judgment and pled that all matters of fact and law had been theretofore adjudicated in the cause by final judgment entered on October 31, 1955, which judgment was that the plaintiffs take nothing from the defendants, and further recited the final disposition of the cause in the appellate courts and that the judgment was res judicata as to all parties and issues, and prayed that the motion be denied and dismissed.

On April 7, 1958, a judgment was made and entered as follows:

"On this the 7th day of April A.D. 1958, came on to be heard Plaintiffs' motion for judgment nil dicit coupled with motion for default judgment involving the petition of 2285 acres of land in Caldwell County, Texas, and came the respective parties in person by their attorneys and the Court, having read the pleadings and heard the evidence, is of the opinion and so finds as follows:

"The Court finds that all matters in controversy have heretofore been settled by summary judgment entered in this cause on the 31st day of October A.D. 1955, and which said judgment was later affirmed by the Court of Civil Appeals in the State of Texas and Supreme Court of Texas.

"It is therefore accordingly ordered, adjudged and decreed by the Court that the Plaintiffs take nothing and that the Defendants go hence with their costs.

"Entered this the 5th day of May A. D. 1958.

"J. R. Fuchs, Judge Presiding"

It is from this judgment of the court that the present appeal is taken.

The appeal is founded on two points to the effect that the court erred in overruling their motion, and in holding that all matters in controversy had been settled, because all parties defendant as named in appellants' Fourth Amended Original Petition, are necessary parties to any judgment, and the failure to include any one of such parties is fatal and the judgment void; and likewise the failure to dispose of all land at issue is essential; that if appellants' pleadings in their motion for judgment are insufficient to establish title to an undivided one-half interest in the tract of 2,285.5 acres of land, and to 349.10 acres, and to 507.78 acres, and to 285.63 acres of land, the last three tracts aggregate 1,142.51 acres of land, then that this cause should be referred back to the trial court for a hearing and for partition.

Appellee Crouch has filed herein a motion to dismiss this appeal, reciting the former actions by the trial court.

The pleadings of the parties to this cause when the judgment below was rendered are the same as they were when the judgment previously affirmed by us was rendered except that appellants filed a motion for the rendition of a final judgment and a reply to this motion was filed by some of the defendants (appellees).

Appellants now contend that the former judgment was not final for the reason that it did not dispose of all the parties or issues.

We are inclined to the view that this is correct but we are of the opinion that appellants cannot now question the finality of the former judgment.

■ Appellants appealed to this Court and to the Supreme Court in the former case upon the implied representations that the judgment from which the appeal was taken was final in character. Otherwise they could not appeal. Both this Court and the Supreme Court acted upon such implied representations and entertained the appeal. It is our opinion that appellants are now judicially estopped to contend that the former judgment is not final and that it did not and does not preclude them from obtaining any relief which might have been awarded them under their pleadings then on file and as against all parties therein named.

■ The rule of judicial estoppel is based upon public policy. It does not permit a party to a judicial proceeding to successfully take one position and then to adopt an inconsistent position if to do so will result in prejudice to his adversary. 17 Tex.Jur. p. 134. See also Smith v. Chipley, 118 Tex. 415, 16 S.W.2d 269, 276, where the court said "one cannot take advantage of an error of any court that has been induced or invited by him."

The judgment of the trial court is affirmed.

Affirmed.