Guy F. BOYETT, Jr., Appellant,

v.

Mary W. BOYETT, Appellee.

No. 3880.

Court of Civil Appeals of Texas.

Waco.

April 6, 1961.

Rehearing Denied May 4, 1961.

Dillon & Lee, Bryan, for appellant.

Davis & Moore, Bryan, for appellee.

TIREY, Justice.

This action is one in trespass to try title. There is a recital in the judgment to the effect that the suit was brought by Guy F. Boyett, Jr., (A statement by the court shown in the statement of facts indicates that the purpose of the suit was to establish a trust on the land) against W. F. Davis, individually and as independent executor of the last will of Guy F. Boyett, deceased, and against Mary W. Boyett, a widow; that Mary W. Boyett filed a cross-action against Guy F. Boyett, Jr., and that when the case

was called for trial Guy F. Boyett, Jr., announced he would take a nonsuit, and his petition and alleged cause of action as against the above named defendants was dismissed at his costs without prejudice to the rights of cross-plaintiff to prosecute her cross-action against Guy F. Boyett, Jr., as cross-defendant. The cause was tried without the aid of a jury. The judgment further recites that at the close of cross-plaintiff's evidence the cross-defendant made a motion for judgment which the court overruled, and no further evidence was offered and thereupon the court announced judgment in favor of cross-plaintiff against cross-defendant for title to and possession of the land described in her cross-action, to which judgment cross-defendant, Boyett, excepted and gave notice of appeal to this court, and seasonably perfected his appeal.

The judgment is assailed on what cross-defendant designates as four points. They are substantially to the effect that the court erred: (1) Because appellee failed to show title either from the sovereignty of the soil or from a common source; (2) That appellee offered no evidence showing title of any character in her; (3) That there is no evidence to support the judgment on the theory of possession of appellee's predecessors in title; (4) That judgment should be reversed because the evidence is insufficient to support it. We shall consider points two, three and four first.

Guy F. Boyett, Jr., answered the cross-action of the appellee to the effect that he is not guilty of the wrongs, injuries and trespass claimed by cross-plaintiff against him. He did not tender any proof. Cross-plaintiff tendered· in evidence a warranty deed from W. C. Boyett and his wife, to Guy F. Boyett, his son, dated December 31, 1929, which vested the fee simple title in the grantee. Mr. Oran H. Boyett testified to the effect that he was the brother of Guy F. Boyett, Sr., and that he was familiar with the facts and circumstances of his father and mother conveying the property in question to Guy F. Boyett, Sr., in 1929, and that Guy F. Boyett, Sr., was living on the prop-

erty described in the deed at the time it was conveyed to him, and that such property was his homestead, and that he continued to live there until the time of his death. Appellee also tendered in evidence the last will and testament of Guy F. Boyett, Sr., deceased, and the probate proceedings relating to same, which evidence conclusively shows the date of the death of Guy F. Boyett, and the order admitting the will to probate. Boyett, in his last will bequeathed to his wife, Mary W. Boyett, their homestead in the J. E. Scott League in Brazos County, Texas, which is the same property described in the deed from his father and mother to him. The will was dated the 17th day of March, 1956, and it was admitted to probate on the 6th day of August, 1957. There was no contest to this will. Said will made certain other bequests to his grandchildren, naming them, but that bequest is not pertinent here. Item six of the will is as follows:

"I hereby direct and ask my executors to take charge of the rest of my estate including Lot (description not pertinent here) and all other property both real and personal except as herein specifically bequeath, and sell same in such a manner as will pay my debts and clear the property including the special bequests so that my wife and grandchildren will receive their bequest clear of debts and they are to use their best judgments in handling and deposing of same having in mind my wishes to pay my debts, take care of my wife and grandchildren. After my executors have disposed of sufficient property to pay the debts, and if there is any remaining property after discharging the said debts then the remainder is to be delivered to my son Guy F. Boyett Jr in fee simple and absolutely—"

The will appointed A. P. Boyett, his brother, and W. F. Davis, independent executors of his last will. There was no contest of the will, and no appeal from the order admitting it to probate. Appellee also tendered in evidence a judgment construing the

same, dated the 22nd day of September, 1959, wherein W. F. Davis, et al., sued Guy F. Boyett, Jr., et al., and in the judgment entered in the District Court of Brazos County, we find this recital:

"* * * came the plaintiffs and defendants in person and by their respective attorneys, and the cross-plaintiff, Guy F. Boyett, Jr., in open court moved the Court to take a nonsuit as to his cross-action against the plaintiffs named in plaintiff's petition as to the cause of action alleged in cross-plaintiffs' answer and cross-action heretofore filed herein and it appearing to the Court that such motion should be granted; it is therefore, Ordered, Adjudged and Decreed by the Court that said non-suit by cross-plaintiff as to the cause of action alleged in his cross-action in his answer and cross-action filed herein be, and the same is hereby allowed, and same is hereby dismissed.

"No jury being demanded, the trial was had before the Court for construction of the last will and testament of Guy F. Boyett, deceased, and after hearing the testimony, pleadings and argument of counsel, is of the opinion and finds as follows:

"1. That paragraph 2 of the last Will and testament of Guy F. Boyett, deceased, devises both the apartment house and house occupied as a homestead to the widow, Mary W. Boyett, in fee simple, and that the entire tract of land described in deed recorded in Volume 77, page 185, was devised to said Mary W. Boyett, in fee simple, in said paragraph 2, and recorded in the Deed Records of Brazos County, Texas.

"2. That under the terms of paragraph 6 of said will, it is necessary, and the executor is hereby directed, to sell the property set forth in said paragraph a and apply the proceeds from the sale of same to paying debts owed by the Estate on a service station tract and the homestead tract of land.

"3. That under the terms of such will, the widow, Mary W. Boyett, is to be paid the sum of $30.00 per month from the income from the Service Station mentioned therein, and the Executor is ordered to pay same to the said Mary W. Boyett.

"It is therefore Ordered, Adjudged and Decreed by the court that the said paragraphs be construed as above provided and that the Executor and other parties carry out said will as herein ordered."

■ The judgment was entered on the 3rd day of October, 1959, and there was no exception entered by Guy F. Boyett, Jr., and no appeal therefrom, and said judgment became final. This record is without dispute that Mrs. Boyett's husband acquired this property in 1929, and that he had the fee simple title thereto, and this title passed from him to Mrs. Boyett by virtue of his last will and testament. We are of the further view that under this record Mrs. Boyett has held fee simple title thereto and possession thereof for more than 25 years and, therefore, the 25 year statute of limitation, namely Art. 5519 Ver.Rev.Civ.Statutes specially plead by her is a bar to any right of action of Guy F. Boyett, Jr. See the foregoing article and cases there cited.

■ Moreover, we are inclined to the opinion that the judgment construing the will creates an estoppel by judgment against relitigation of the title to the property devised to Mrs. Boyett. Guy F. Boyett, Jr., was a party defendant to this suit, and he did not appeal from the judgment entered construing the will. We think some significance must be given to the following recital in the judgment: "the Court * * * is of the opinion and finds as follows:

"1. That paragraph 2 of the last will and testament of Guy F. Boyett, deceased, devises both the apartment-

house and house occupied as a homestead to the widow, Mary W. Boyett, in fee simple, and that the entire tract of land described in deed recorded in Volume 77, page 185, was devised to said Mary W. Boyett, in fee simple, in said paragraph 2, and recorded in the Deed Records of Brazos County, Texas."

That is the exact property that is the subject matter of this suit. We are of the view that the foregoing recital in the judgment is conclusive in Mrs. Boyett's favor as to her title, and since said judgment was final and was not appealed from, it is conclusive as to Mrs. Boyett and all other parties named in the will and in the suit. Our Supreme Court in Tadlock v. Eccles in 1858, 20 Tex. 782, point page 791, made this statement of the Rule:

"There is no better settled principle, than that the judgment or decree of a court of competent jurisdiction, directly upon the point, or necessarily involving the decision of the question, is conclusive between the parties, and their privies, upon the same matter coming directly in question in a collateral action, in the same or another court of concurrent jurisdiction. It can make no difference in the application of this principle, what may have been the subject matter of the judgment, provided it be one of which the court rendering it had jurisdiction. If the court rendering the judgment had jurisdiction of the subject matter and the parties, its decision is conclusive until reversed on appeal or annulled by a proceeding for that purpose."

In Victory v. State, 138 Tex. 285, 158 S.W.2d 760, 763, (Comm. of Appeals opinion adopted) Points (1, 3), we find this statement:

"It is the established law of this state that courts may take notice of their own records and a former judgment may be held to be conclusive in a subsequent action when the record shows a judgment rendered in a cause involving the same subject matter between the same or practically the same parties, even though no plea of res adjudicata was interposed in the subsequent suit."

In Rio Bravo Oil Company v. Hebert, 130 Tex. 1, 106 S.W.2d 242, 245, certiorari denied, 302 U.S. 759, 58 S.Ct. 366, 82 L.Ed. 588, rehearing, 302 U.S. 780, 58 S.Ct. 475, 82 L.Ed. 603, we find this statement of the rule: (1, 2)

"Where parties have had the opportunity of litigating certain issues, and a final judgment is entered in said cause adjudicating those issues, it is not the policy of the law to permit a relitigation of such questions. The rule is now well settled that a judgment on an issue directly involved in a case is conclusive in a second suit between the same parties, although the second suit relates to a different subject-matter. *It is also equally well settled that an issue of fact necessary for a determination of issues in a prior case, and a judgment entered therein, creates an estoppel by judgment against relitigation of the same issue.*"

Citing Hanrick v. Gurley, 93 Tex. 458, 54 S.W. 347; Houston Terminal Land Co., v. Westgreen, 119 Tex. 204, 27 S.W.2d 526. Our Supreme Court has not seen fit to change or modify the above rule. See also Case-Pomeroy Oil Corporation v. Pure Oil Company, Tex.Civ.App., 279 S.W.2d 886, writ. ref. See also Texas Digest, Judgment, ▇ and cases there cited. Also see Benavides v. Garcia, Tex.Com.App., 290 S.W. 739; Landa v. Isern, 141 Tex. 455, 174 S.W. 2d 310; Grimes v. Maynard et al., Tex.Civ. App., 270 S.W.2d 282, writ refused. Writ of certiorari denied by Supreme Court of U. S., 349 U.S. 904, 75 S.Ct. 580, 99 L.Ed. 1241. See also, Maxwell v. Campbell, Tex.Civ. App., 282 S.W.2d 957, writ ref., points (2, 5) and (7, 8). Accordingly points 2, 3 and 4 are overruled.

Going back to point 1, it is to the effect that appellee failed to show title either from the sovereignty of the soil or from a common source. It is without dispute that title was not shown from the sovereignty of the soil. Since Guy F. Boyett, Jr., filed a plea of not guilty and offered no proof, we do not know under what other title, if any, he may have claimed, and we have very grave doubts as to whether appellee has shown a common source of title by the record which we have heretofore detailed, and have some doubt as to whether or not the factual situation here brings this cause within the Rule announced by our Supreme Court in Mitchell v. Mitchell, 80 Tex. 101, 15 S.W. 705, point 11, page 709, Supreme Court. See also Tex.Jur. 41–A. Sec. 157, p. 696, and cases there cited; 44 Tex.Jur. Sec. 212, p. 778. However, since we are of the view that Mrs. Boyett proved limitation title under Article 5519, Vernon's Ann.Rev.Civ. Statutes aforesaid, all other questions passed out of the case.

Accordingly the judgment of the trial court is affirmed.