Jay KIRKMAN, Independent Executor and Trustee of the Estates of Anne Slade Kirkman and Georgia Pearl Kirkman, Appellant,

v.

AIRCRAFTSMEN, INC., Appellee.

No. 7656.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 21, 1966.

Jay U. Kirkman, Amarillo, for appellant.

Carnahan & Fields, Amarillo, O. P. Fields, Jr., Amarillo, of counsel, for appellee.

NORTHCUTT, Justice.

Aircraftsmen, Inc., as plaintiff, brought suit against Jay Kirkman, as defendant d/b/a Kirkman's Flying Service in Cause No. 40672 in the 47th District Court of Potter County, Texas, to recover upon a sworn account for labor and materials furnished by plaintiff in repairing an airplane. The case was transferred to the 108th District Court of Potter County, Texas. Kirkman filed a sworn denial to plaintiff's cause of action and sought by his evidence to show that he was not liable because plaintiff failed to properly install and service certain parts and in not using certain new parts. The case was tried to a jury and upon the answer of the jury, judgment was rendered for plaintiff against Jay Kirkman for the sum of $2,162.07. That judgment became final and no appeal was taken therefrom.

Thereafter on February 26, 1965, Jay Kirkman, Independent Executor and Trustee of the Estates of Anne Slade Kirkman and Georgia Pearl Kirkman, as plaintiff, brought suit in Cause No. 41363–A of the 47th District Court of Potter County against Aircraftsmen, Inc. to recover damages because of the negligence of the defendant in failing to properly install and service the propeller governor and component parts and install other than new parts. The defendant filed its answer by general denial and also pleaded that the issues tried in Cause No. 40672 in the 108th District Court were the same issues, parties and their privies which plaintiff here sought to place in issue and that the proceedings in Cause No. 40672 and the judgment of that court estopped the plaintiff in this case from prosecuting the claim sued upon herein and precluded further proceedings herein and that the defendant was entitled to judgment upon its plea of estoppel by said judgment entered in Cause No. 40672.

The defendant filed its motion for summary judgment attaching certified copies of all the proceedings in Cause No. 40672 as well as certified transcript of the testimony given by Jay Kirkman in Cause No. 40672 contending it was entitled to judgment herein by judicial estoppel and also res judicata. Kirkman filed his controverting affidavit to defendant's motion for summary judgment attaching thereto a certified copy of the wills of Anne Slade Kirkman and Georgia Pearl Kirkman appointing him trustee of the estates and filed certified copies showing that Kirkman qualified as independent executor of each estate. Plaintiff also attached to his controverting affidavit a bill of sale covering the airplane here involved to Kirkman Trust Estate. The trial court granted summary judgment that plaintiff take nothing against Aircraftsmen, Inc., and that Aircraftsmen, Inc. be discharged from all liability. From that judgment plaintiff perfected this appeal.

The sole question here involved is whether the trial court erred in holding that the judgment entered in Cause No. 40672 was res judicata of the matters here involved or in holding that judicial estoppel applied. In Cause No. 40672 Aircraftsmen, Inc., brought suit against Jay Kirkman to recover for labor and materials furnished by Aircraftsmen in repairing the same airplane here involved. Kirkman defended that suit on the same grounds that he seeks to recover upon herein. The only difference that we are able to really see between the two cases is that in Cause No. 40672 Kirkman contended he owned the airplane that was repaired and in this case that the airplane was owned by the estates of Anne Slade Kirkman and Georgia Pearl Kirkman and being flown for hire by their duly authorized agent, Jay Kirkman. The airplane was purchased long after Jay Kirkman qualified as trustee. We are unable to find any authority under this record or under the statutes of this state permitting the trustee to purchase an airplane and to use the same as a business for hire as was done here.

In this case suit was brought to recover damages to the airplane because of the negligence of defendant in failing to properly install and service the propeller governor and component parts and installing other than new parts. The suit in Cause No. 40672 was brought to recover for the labor and materials used in servicing the same airplane. The same airplane and the same issues were involved in both cases. It has been determined in Cause No. 40672 that Aircraftsmen, Inc. was not guilty of the matters sought to be determined in this case. That contention has been judicially determined and the principle of res judicata applies.

It is stated in Rio Bravo Oil Co. v. Hebert, 130 Tex. 1, 106 S.W.2d 242 as follows:

"Where parties have had the opportunity of litigating certain issues, and a final judgment is entered in said cause adjudicating those issues, it is not the policy of the law to permit a relitigation of such questions. The rule is now well settled that a judgment on an issue directly involved in a case is conclusive in a second suit between the same parties, although the second suit relates to a different subject-matter. It is also equally well settled that an issue of fact necessary for a determination of issues in a prior case, and a judgment entered therein, creates an estoppel by judgment against relitigation of the same issue. Hanrick v. Gurley, 93 Tex. 458, 479, 54 S.W. 347, 55 S.W. 119, 56 S.W. 330, and cases cited; Houston Terminal Land Co. v. Westergreen, 119 Tex. 204, 27 S.W.2d 526."

It is further stated in that case as follows:

" 'There is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' "

We think there is no question but that there was privity of parties involved in these cases. It is held in Boyett v. Boyett, Tex.Civ.App., 345 S.W.2d 799 (N.R.E.) as follows:

" 'There is no better settled principle, than that the judgment or decree of a court of competent jurisdiction, directly upon the point, or necessarily involving the decision of the question, is conclusive between the parties, and their privies, upon the same matter coming directly in question in a collateral action, in the same or another court of concurrent jurisdiction. It can make no difference in the application of this principle, what may have been the subject matter of the judgment, provided it be one of which the court rendering it had jurisdiction. If the court rendering the judgment had jurisdiction of the subject matter and the parties, its decision is conclusive until reversed on appeal or annulled by a proceeding for that purpose.'

"In Victory v. State, 138 Tex. 285, 158 S.W.2d 760, 763, (Comm. of Appeals opinion adopted) Points (1, 3), we find this statement:

" 'It is the established law of this state that courts may take notice of their own records and a former judgment may be held to be conclusive in a subsequent action when the record shows a judgment rendered in a cause involving the same subject matter between the same or practically the same parties, even though no plea of res adjudicata was interposed in the subsequent suit.' "

See also Lobit v. Crouch, Tex.Civ.App., 323 S.W.2d 618 (N.R.E.) as follows:

"The rule of judicial estoppel is based upon public policy. It does not permit a party to a judicial proceeding to successfully take one position and then to adopt an inconsistent position if to do so will result in prejudice to his adversary. 17 Tex.Jur. p. 134. See also Smith v. Chipley, 118 Tex. 415, 16 S.W.2d 269, 276, where the court said 'one cannot take advantage of an error of any court that has been induced or invited by him.'"

Judgment of the trial court is affirmed.