Margarito G. ESPINOZA, Appellant,

v.

MILLER'S MUTUAL FIRE INSURANCE COMPANY, Appellee.

No. 424.

Court of Civil Appeals of Texas.

Corpus Christi.

June 19, 1969.

Rehearing Denied Aug. 7, 1969.

Larry Hardin, Victoria, for appellant.

Guittard, Henderson, Jones & Lewis, O. F. Jones, Victoria, for appellee.

## OPINION

SHARPE, Justice.

This appeal is from a summary judgment rendered in a workmen's compensation case that plaintiff-appellant Espinoza take nothing by his suit to set aside an order of the Industrial Accident Board denying him additional disability benefits after performance of a surgical operation duly authorized by the Board upon application or demand for same by plaintiff.

■ Appellant complains of the summary judgment against him by a single point of error which asserts that the trial court erred in holding as a matter of law that plaintiff was barred from recovery under the provisions of Art. 8306, Sections 12e and 12b, Vernon's Ann.Civ.St.

The motion for summary judgment filed by defendant-appellee insurance carrier was expressly based upon the plaintiff's petition, the defendant's answer, an affidavit of counsel for defendant, and the exhibits attached thereto which were two orders of the Industrial Accident Board dated June 5, 1966 and June 21, 1967.

The material facts shown by the summary judgment record, on the above-stated basis, are in substance as follows: On February 22nd and March 23, 1966, plaintiff was an employee of Gary Aircraft Corporation of Victoria, Texas and claimed to have suffered accidental injuries entitling him to recover workmen's compensation benefits from the defendant insurance carrier of his employer. On July 5, 1966, the Industrial Accident Board awarded plaintiff compensation based on the injury of March 23, 1966, for 14 weeks of total disability, aggregating $490.00. No effective appeal was taken from that award. The affidavit of counsel for defendant reflects that plaintiff attempted to appeal by filing suit in the district court of Victoria County, Texas, but that the court sustained defendant's plea to the jurisdiction and the suit was dismissed. Prior to such dismissal defendant tendered a draft for the amount of $490.00 with interest in payment of the Board's award. On September 13, 1966 plaintiff filed a demand with the Industrial Accident Board for surgery. The Board authorized an examination by Dr. J. E. Upshaw, and surgery was duly ordered by the Board on December 15, 1966. Surgery on plaintiff's shoulder was performed on January 13, 1967 by Dr. Hilton R. Wilhite and Dr. James L. Coleman, Jr., at the Detar Hospital in Victoria County, Texas.

On January 26, 1967, plaintiff filed notice of injury and claim for compensation with the Board for benefits under Sections 12e and 12b, Art. 8306, V.A.C.S. On June 21, 1967 the Board entered an order which provided for payment by the defendant insurance carrier of the bills of Detar Hospital for $468.95, Dr. James L. Coleman for $100.00, and Dr. Hilton R. Wilhite for $350.00, which defendant thereafter paid. That order also provided "The Board finds that claim for additional compensation is denied." The Board order of June 21, 1967 repeated the finding contained in its order of July 5, 1966 as follows:

"Finds that on date of injury the employee sustained injury in the course of employment of the employer named above who was a subscriber under the Workmen's Compensation Act, insured with the Insurance Carrier named above."

On July 5, 1967, plaintiff duly filed suit to set aside the order of the Board dated

June 21, 1967, specifically that portion of it which denied his claim for compensation brought about by the injury and disability suffered as a result of surgery and convalescence therefrom, particularly relying upon Sections 12e and 12b, Art. 8306, V.A.C.S. Paragraph V of plaintiff's petition reads as follows:

"Plaintiff contends that the construction of Section 12e, which provides for surgery to the body generally and 12b which is incorporated in 12e by reference, entitles him to benefits in the same way as provided in the case of hernia under Section 12b of said Article. Section 12b, Paragraph 2 provides for compensation for twenty-six (26) weeks from the date of the operation if such operation is successful. In the event such operation is not successful and does not result in death the law provides for compensation under the general provision of the Act as if such operation had not been had. The nature of Plaintiff's injury was a chronically dislocated shoulder and such operation rendered him completely disabled for a period of fourteen weeks and has left him permanently and partially disabled for the balance of his life and as a result thereof entitles him to compensation for three hundred (300) weeks at the compensation rate of Thirty-five Dollars ($35.00) per week. Plaintiff says that he has no medical training and that the full nature and extent of his injury and disability are unknown to him but that should the operation be proven to have been successful medically he is entitled to recover the sum of Thirty-five Dollars ($35.00) per week for twenty-six (26) weeks for his injuries and disabilities as provided for by the Workmen's Compensation Act."

Plaintiff's reply to defendant's motion for summary judgment asserts in part that plaintiff is entitled to judicial determination of the results of his operation and the extent of injury or aggravation thereof and that he is entitled to additional compensation from the date of the operation, all of which present material fact issues to be determined by a jury.

The reply point of defendant-appellee reads as follows:

"The Trial Court correctly sustained Appellee's Motion for Summary Judgment, since there is no basis for an award of additional compensation, and the first award is res judicata of the question of the extent and amount of compensation benefits to which Appellant was entitled."

■ Appellee does not cite any authority for its stated position but relies solely on its construction of various statutes, particularly, Sec. 5, Art. 8307, and Sections 12b and 12e, Art. 8306. We are not in agreement with defendant-appellee's position as stated in its reply point, which apparently furnishes the only basis upon which the summary judgment might be sustained. We therefore hold that the movant for summary judgment, appellee here, has not established that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 166-A, Texas Rules of Civil Procedure.

■ We recognize the rule that an award of the Industrial Accident Board, which is not appealed from is res judicata as to the condition of the injured worker at the time of its entry and is conclusive as to matters adjudicable at that time. But an appeal from an award of the Board which is dismissed by the court for want of jurisdiction has the effect of leaving the claimant in the same position as if no appeal had been attempted. Where the Board has made an award in favor of a claimant, it may review the same at any time within the compensation period upon a showing of change of conditions, mistake or fraud. Sec. 12d, Art. 8306, V.A.C.S. Commercial Standard Ins. Co. v. Brock, 167 S.W.2d 281 (Tex.Civ.App., Amarillo, 1942, wr. ref. w. o. m.); Miller v. Lloyds Alliance, 259 S.W.2d 777 (Tex.Civ.App., San

Antonio, 1953, wr. ref. n. r. e.). "Change of condition" means that a claimant's condition must have become substantially worse after the date of the award; and a continued incapacity of the same character for the same injury upon which an award was based is not such a change as warrants a modification of the award. Commercial Standard Ins. Co. v. Brock, supra. The term "compensation period" means the maximum time prescribed by law for which the Board, according to the nature of the injury described in the claim brought before it, has jurisdiction to award the payment of compensation. Employers' Liability Assur. Corp. v. Best, 101 S.W.2d 891 (Tex.Civ.App., Eastland, 1937, wr. dism.).

Section 12e, Art. 8306, relating to surgical operations, includes a provision that after such operation is ordered "The results of such operation * * * and the benefits and liabilities arising therefrom shall attach, be treated, handled and determined by the board in the same way as is provided in the case of hernia in the law" which thus makes applicable the provisions of Section 12b, Art. 8306.

In this case it appears that pursuant to the provisions of Sec. 12e, Art. 8306, the plaintiff demanded a surgical operation, the Board duly authorized it, and the plaintiff submitted to its performance all within the compensation period provided by law. In such situation, plaintiff was entitled to make further claim for compensation benefits in addition to medical and other expenses. Plaintiff's claim is shown by the record to be limited to the period beginning with the date of the operation. The allegation in plaintiff's petition that the operation rendered him completely disabled for 14 weeks and left him permanently and partially disabled for the balance of his life is sufficient to raise the issue of change of condition, particularly in view of the fact that defendant's motion for summary judgment was in part based upon plaintiff's pleading. In this situation the first award of the Industrial Accident Board would not be res judicata as to the extent of injury and amount of compensation to which plaintiff might be entitled.

The issues relating to plaintiff's claim for additional compensation were properly before the trial court on his appeal from the order of the Industrial Accident Board dated June 21, 1967; and, contrary to defendant's contention, there is a basis in law for recovery of additional compensation by plaintiff, the extent of which will depend upon a proper showing on trial of the case.

We believe that our holdings herein are supported by the discussion and reasoning in the Supreme Court opinions in Royal Indemnity Company v. Dennis, 410 S.W.2d 185 (1966); Houston Fire & Casualty Insurance Co. v. Dieter, 409 S.W.2d 838 (1966); Truck Insurance Exchange v. Seelbach, 161 Tex. 250, 339 S.W.2d 521 (1960); and the case of Love v. Travelers Insurance Company, 395 S.W.2d 682 (Tex. Civ.App., Texarkana, 1965, wr. ref. n. r. e.).

The summary judgment will be reversed and the cause remanded for trial.