**FIDELITY & GUARANTY INSURANCE UNDERWRITERS, INC., Appellant,**

v.

**Celedonio R. MENDOZA, Appellee.**

**No. 12970.**

Court of Civil Appeals of Texas, Austin.

July 11, 1979.

Rehearing Denied Oct. 31, 1979.

Jack W. Latson, Flahive & Ogden, Austin, for appellant.

Jack W. London, London & Stokes, Elvis G. Schulze, Prud'homme & Schulze, Austin, for appellees.

## ON MOTION FOR REHEARING

SHANNON, Justice.

The opinion of this Court filed on July 11, 1979, is withdrawn, and the following opinion replaces it.

Appellant, Fidelity & Guaranty Insurance Underwriters, Inc., appeals from an adverse judgment entered by the district court of Travis County in a worker's compensation case. The appeal involves Tex.Rev.Civ. Stat.Ann. art. 8306 § 12d (1967), relative to a claimed change of condition of the worker.

Appellee, Celedonio Mendoza, injured his back on January 22, 1976, while working as an employee of Blount Brothers Corporation. Appellee's counsel filed a claim for

worker's compensation with the Industrial Accident Board and on November 30, 1976, the Board entered its award ordering appellant to pay appellee $70.00 for four weeks for temporary total disability and $6.67 for three hundred weeks for permanent partial disability. Neither the insurance carrier nor the worker perfected an appeal from the Board's order.

On January 12, 1977, ten days after the time for perfecting an appeal from the November 30, 1976, order had expired, appellee by different counsel filed with the Board, pursuant to Tex.Rev.Civ.Stat.Ann. art. 8306 § 12d (1967), a motion to review the November 30, 1976, award upon the basis of a "change of condition." On April 1, 1977, after hearing, the Board entered its order refusing to change its November 30 order for the reason that the evidence failed ". . . to establish that claimant has undergone a change of condition." Mendoza then perfected his appeal to district court.

Mendoza's position at trial was that after entry of the November 30 order, his physical condition changed for the worse resulting in his total incapacity to get and keep employment. The insurance carrier's position was, *inter alia,* that there had been no change in Mendoza's condition since entry of the November 30 order and that Mendoza suffered no additional loss of wage earning capacity after entry of the November 30 order.

Trial was to a jury. The jury's verdict supported Mendoza's theory of recovery. It found: (1) that the physical condition of Mendoza resulting from his accident changed substantially for the worse after November 30, 1976; (2) that such change of condition was the producing cause of total incapacity; (3) that the beginning date of such total incapacity was December 16, 1976; and (4) that the duration of the total incapacity was permanent. Judgment for Mendoza was entered upon the jury's verdict.

The authority for the Board's review of its November 30, 1976, order and the subsequent judgment of the district court is Tex. Rev.Civ.Stat.Ann. art. 8306 § 12d which provides in part as follows:

"Upon its own motion or upon the application of any person interested showing a change of condition, mistake or fraud, the Board at any time within the compensation period, may review any award or order, ending, diminishing or increasing compensation previously awarded, within the maximum and minimum provided in this Law, or change or revoke its previous order denying compensation, sending immediately to the parties a copy of its subsequent order or award. . . ."

 Section 12d is not intended to afford a method for correcting errors made in fixing the amount of the original award, but instead is designed to afford a means for an employer or employee to obtain an increase, decrease, or termination of an award because of a change in the workman's physical condition occurring subsequent to the entry of the original award. *Independence Indemnity Co. v. White,* 27 S.W.2d 529 (Tex.Comm'n App.1930, jdgmt. adopted). The courts in construing art. 8306 § 12d have required proof of a substantial change in the workman's condition occurring subsequent to the entry of the first award before the Board may change or modify its order awarding or denying compensation. *Commercial Standard Ins. Co. v. Brock,* 167 S.W.2d 281 (Tex.Civ.App.1942, writ ref'd w. o. m.); cf. *Espinoza v. Miller's Mutual Fire Insurance Company,* 443 S.W.2d 891 (Tex.Civ.App.1969, writ ref'd n. r. e.). A continued incapacity of the same character for the same injury is not such a change of condition as warrants a modification of the award. *Independence Indemnity Co. v. White, supra; Commercial Standard Ins. Co. v. Brock, supra.*

 The case at bar was tried and submitted without objection upon the theory that the substantial change for the worse in the workman's physical condition occurring subsequent to the first award must be shown to decrease the workman's earning capacity. We think that submission was correct, even though art. 8306 § 12d makes

no reference to earning capacity, since the purpose of the Workmen's Compensation Act is to compensate an injured employee for loss in earning capacity, not for loss of earnings or for injury sustained. *Employers Reinsurance Corporation v. Holland,* 162 Tex. 394, 347 S.W.2d 605 (1961); *Houston Fire & Casualty Insurance Co. v. Dieter,* 409 S.W.2d 838 (Tex.1966).

■ The insurance company attacks the judgment by twelve points of error. By several points the carrier claims there was no evidence to support the jury's answer that Mendoza's physical condition changed substantially for the worse after November 30, 1976. There was some medical testimony that Mendoza's physical condition was not significantly different in December, 1976, than it had been in July, 1976. Nevertheless, there was the testimony of Mendoza and other lay witnesses that his physical condition had worsened. Those points of error are overruled.

The insurance carrier's most important proposition is that Mendoza's changed physical condition after November 30, 1976, could not be, as a matter of law, the producing cause of total incapacity. The carrier's argument, as we understand, is as follows: Mendoza at trial judicially admitted to facts establishing that he was totally incapacitated before November 30, 1976. Because Mendoza was totally incapacitated before November 30, 1976, the change for the worse in his physical condition after November 30 necessarily could not have rendered him more incapacitated than he already was—totally incapacitated. The worsened physical condition, then, did not and could not cause an additional loss in earning capacity, and the jury finding that the worsened physical condition was a producing cause of Mendoza's total incapacity (to earn) should have been disregarded.

The carrier's argument is sound provided Mendoza judicially admitted to facts proving that he was, in effect, totally incapacitated prior to November 30, 1976. Mendoza's testimony during the case on appeal that forms the basis for the claimed judicial admission is set out below:

"Q But on September—in September of 1976, you were totally unable to do any work?

A Yes, sir.

Q In October of 1976, you were totally unable to do any kind of work?

A In October, 1976?

Q That is still before you were put in the hospital.

A Yes, sir.

Q Up to November 30, 1976, you were totally unable to do any kind of work.

A Yes, sir.

Q In December of 1976, you were totally unable to do any kind of work?

A Yes, sir.

Q Right up to the present time?

A Yes, sir."

■ Before a party is precluded from recovery by his own testimonial declarations, it must be shown:

(1) That the declaration relied upon was made during the course of a judicial proceeding;

(2) That the statement is contrary to an essential fact embraced in the theory of recovery or defense asserted by the person giving the testimony;

(3) That the statement is deliberate, clear, and unequivocal;

(4) That the giving of conclusive effect to the declaration will be consistent with the public policy upon which the rule is based; and

(5) That the statement is not also destructive of the opposing party's theory of recovery. *Griffin v. Superior Insurance Company,* 161 Tex. 195, 338 S.W.2d 415 (1960); *United States Fidelity & Guaranty Co. v. Carr,* 242 S.W.2d 224 (Tex.Civ.App. 1951, writ ref'd).

■ The rule by which a party's recovery in a lawsuit is barred by his own testimonial declarations is one of public policy. It would be manifestly unjust to allow a party to recover after he has clearly and unequiv-

ocally sworn himself out of court. *United States Fidelity & Guaranty Co. v. Carr, supra.*

Although it would be manifestly unjust to allow a party to recover after he has clearly and uneqivocally sworn to facts that would defeat his cause of action or destroy his defense, it is also true that caution must be observed in the application of a rule that gives the same effect to statements made from the witness stand during the course of a trial under the usual attendant circumstances as that given to deliberate and presumably carefully prepared statements contained in pleadings. *Westbrook v. Landa,* 160 S.W.2d 232 (Tex.Civ.App.1942, no writ).

We have carefully considered the problem and have concluded that Mendoza's statements are judicial admissions of facts conclusively establishing his total incapacity to earn prior to the November 30 order. Our analysis follows.

Mendoza was twenty-nine at time of trial. He attended high school at Kyle, Texas, and after he finished school, he went into the Job Corps. In Job Corps he studied to be an electrician and later obtained a journeyman's license. After the injury, Mendoza attended classes at Southwest Texas State University in San Marcos. There is no suggestion in the evidence that Mendoza did not understand these questions and his answers thereto. The questions asked him related to a past fact, his ability to work during the months of September, October, and November, 1976, and not to a matter of opinion. *Griffin v. Superior Insurance Company, supra.* Whether Mendoza was able to work during those months was a fact peculiarly within his own knowledge, *Gevinson v. Manhattan Construction Co. of Oklahoma,* 449 S.W.2d 458 (Tex. 1969), and not simply his impression of a transaction or an event as a participant or an observer. Mendoza's responses to those questions were deliberate, clear, and unequivocal.

At the close of the evidence, Mendoza's declaration remained unexplained and uncontroverted. Mendoza proved by his declaration that he was totally incapacitated for three months prior to the November, 1976, award. That being so, and contrary to the jury's response to special issue number two, his changed physical condition after the award could not have diminished his earning capacity. Mendoza's admission precluded the existence of a fact question and the jury had no power to find, contrary to the admission, that Mendoza's changed condition was a producing cause of total incapacity. The jury's answer to special issue number two should have been disregarded. *Stanolind Oil & Gas Co. v. State,* 136 Tex. 5, 145 S.W.2d 569 (1940); *Southern Surety Co. v. Inabnit,* 1 S.W.2d 412 (Tex. Civ.App.1927, no writ).

Mendoza argues for affirmance upon the basis that the November 30, 1976, award is "res judicata" of the fact that he was only partially incapacitated prior to November 30, 1976. Accordingly, Mendoza argues, it is immaterial that he admitted that he could not work in September, October, or November, 1976, since the carrier is collaterally estopped from going behind the November 30 award.

Mendoza's "res judicata" argument presupposes that the district court erred in admitting the testimonial declarations into evidence. Mendoza failed to preserve the alleged error for consideration on appeal. Mendoza did not object to the tender of the evidence upon any basis, "res judicata" or otherwise. By not objecting, Mendoza waived his complaint that the November 30 award was "res judicata" of the fact that he was only partially incapacitated prior to November 30, 1976. Mendoza's testimonial declarations stand unchallenged in the record. Further, Mendoza did not assign error by cross-point in this Court. Even though the appellee obtained a favorable judgment, he should have filed cross-points to protect his right to an affirmance or at least to protect his right to a new trial if the appellant should be successful in his appeal. *Motsenbocker v. Wyatt,* 369 S.W.2d 319, 325 (Tex.1963); *Appellate Procedure in Texas,* § 15.16 at 351 (2d ed. 1979).

Should the "res judicata" argument be thought to be before the Court, our view is that the argument runs counter to the policy underlying judicial admissions, that one should not be permitted to recover after he has clearly and unequivocally sworn himself out of court. *United States Fidelity & Guaranty Co. v. Carr, supra.* When a person of mature years and unimpaired mentality testifies understandingly and definitely to facts peculiarly within his knowledge, ". . . any rational conception of justice demands that he be judged by what he says." *Harlow v. Laclair,* 82 N.H. 506, 136 A. 128 (N.H.1927).

More important, Mendoza's argument seems to be contrary to the purpose of art. 8306 § 12d. Section 12d does not provide a second or alternate opportunity to appeal from the original award. Section 12d does provide a means to obtain an increase or decrease of an award because of a substantial change in a workman's physical condition occurring subsequent to the entry of the original award. The key to relief pursuant to § 12d is proof of a substantial change in physical condition subsequent to the entry of the original award resulting in diminished or enhanced earning capacity. To test whether a substantial change has indeed occurred, inquiry of the workman's condition and capacity prior to and subsequent to the original award must be permitted.

The judgment is reversed and judgment is here rendered that Mendoza take nothing.

Reversed and rendered on Motion for Rehearing.

PHILLIPS, Chief Justice.

Appellee has alleged in his Motion for Rehearing that this Court erred in holding that the November 30, 1976, award of the Industrial Accident Board is not *res judica-ta* of appellee's partial incapacity previous to the date of that award. It is my opinion that appellee is correct in this theory and therefore I respectfully dissent.

In November of 1976 the Board found that appellee had suffered total temporary disability and permanent partial disability, but not total incapacity as appellee had alleged. Thereafter, after the Board award had become final, appellee alleged that his condition had become worse and pursuant to Tex.Rev.Civ.Stat.Ann. art. 8306 § 12d (1967), filed a Motion to Review his application. The Board denied his application and a trial to a jury resulted in a verdict in appellee's favor. The majority has erroneously held that appellee's testimony that he was totally unable to do any work during the months of September, October, and November of 1976 constituted a judicial admission.

The law is well settled that a final award of the Industrial Accident Board, after the time for appeal has passed, is a final judgment, and its award is entitled to the same faith and credit as the judgment of a court. *General American Casualty Company v. Rosas,* 275 S.W.2d 570 (Tex.Civ.App.1955, writ ref'd n. r. e.); *Moore v. Means,* 549 S.W.2d 417 (Tex.Civ.App.1977, writ ref'd n. r. e.). The award of the Industrial Accident Board is *res judicata* as to the condition of the worker at the time of its entry and is conclusive as to matters adjudicable at that time. *Espinoza v. Miller's Mutual Fire Ins. Co.,* 443 S.W.2d 891 (Tex.Civ.App.1969, writ ref'd n. r. e.).

In viewing the purpose of Art. 8306 § 12d, it is apparent that the doctrine of *res judicata*[1] should bar the use of appellee's testimony as a judicial admission. One of the purposes of Art. 8306 § 12d is to allow any interested person to show a change of conditions to warrant a modification of a previous award. In other words, the Board's adjudication of a physical condition

---

[1] Although appellee has stated his argument in terms of *res judicata,* the doctrine of collateral estoppel is more applicable to the instant facts. The doctrine of *res judicata* applies only when the following elements exist: identity of parties, issues, subject matter, relief sought, and cause of action. Collateral estoppel requires the identity of parties and issues, while identity of subject matter and causes is not material. *Lemons v. State,* 570 S.W.2d 593 (Tex.Civ.App. 1978, writ ref'd n. r. e.).

**618**

is final as to the condition *then existing,* but is not final insofar as a party may show that his condition substantially worsened following the Board's award. *Commercial Ins. Co. v. Brock,* 167 S.W.2d 281 (Tex.Civ. App.1942, writ ref'd w. o. m.). The review pursuant to Art. 8306 § 12d is based upon the initial award of the Board, and not upon the claimant's alleged condition prior to the award. Thus, it is immaterial that Mendoza alleged in his first claim that he was totally incapacitated, since the Board found that his condition was less than total incapacity. To ask Mendoza whether he was able to work prior to the award is, in fact, simply determining his *claimed* condition during that time period, which is apparent from the record. However, the review afforded by Art. 8306 § 12d is not based upon an alleged condition, but upon a final award of the Industrial Accident Board.

The majority's holding, that the claimant's testimony as to his condition prior to the award constitutes a judicial admission, thus precluding recovery for a change of condition, nullifies Art. 8306 § 12d. Any claimant who has alleged total incapacity but received an award based upon a finding of less than total incapacity will be precluded from a modification based upon change of condition merely by repeating his earlier stated grounds of total incapacity.

I would apply the rule as stated in *Boyett v. Boyett,* 345 S.W.2d 799 (Tex.Civ.App. 1961, writ ref'd n. r. e.), that a judgment on an issue directly involved in a case is conclusive in a second suit between the same parties. In applying the doctrine of collateral estoppel, the issue of Mendoza's physical condition was resolved by the Industrial Accident Board in November of 1976, and is conclusive in the subsequent suit between the same parties.

The majority gives significance to the fact that appellee neither objected to the tender of the testimonial evidence nor assigned error by cross-point in this Court. It must be remembered that judgment was for appellee in the trial court, and that appellant has filed points of error complaining of error committed by the trial court.

The law is well stated by our Supreme Court in *Jackson v. Ewton,* 411 S.W.2d 715 (Tex.1967):

". . . 'The brief of the appellee shall *reply* to the *points* relied upon by the appellant. . . .' These assist the appellate court in finding the answers given to the points of the appellant."

It is my opinion that appellee is permitted to rebut appellant's argument by advancing the theory of *res judicata,* and that this issue is properly before this Court.

Accordingly, I would affirm the judgment of the trial court.