OPINION
J. CURTISS BROWN, Chief Justice.
This is an appeal by writ of error to set aside a default judgment entered against Appellant, Associated Indemnity Corporation. We affirm, in part, and reverse and remand, in part.
In 1981, Appellee filed a worker’s compensation claim with Appellant following an on-the-job injury. After a prehearing conference, the Industrial Accident Board (IAB) determined that Appellee had suffered a ten percent (10%) permanent partial loss of the use of the right leg and a five percent (5%) permanent partial loss of the left leg. However, due to a clerical error made by the IAB, the final award entered on August 10, 1983, awarded compensation to Appellee based on a one hundred percent (100%) loss of use of the right leg and a fifty percent (50%) loss of the use of the left leg.
On August 30, 1983, Appellant filed a “Notice of Intention to Appeal” the IAB award. It subsequently filed suit in the 334th District Court of Harris County seeking to have the Board’s award set aside. However, this suit was not filed within twenty days after its “Notice of Intention to Appeal,” as required by TEX.REV.CIV. STAT.ANN. 8307, § 5 (Vernon Supp.1985). Appellee, in turn, filed an answer and plea to the jurisdiction, seeking to have the suit dismissed. Her request was not granted. When Appellant refused to pay the full IAB award to Appellee, Appellee filed suit in the 333rd District Court of Harris County to mature the award, as permitted by TEX.REV.CIV.STAT.ANN. art. 8307 § 5a (Vernon 1967). While both suits were pending, the Industrial Accident Board agreed to review the award pursuant to Appellant’s request, but requested that Appellant withdraw its suit to set aside the Board’s award, filed in the 334th District Court, which Appellant agreed to do. Before Appellant’s nonsuit was granted, Ap-pellee filed a cross-action seeking the same relief it sought in the 333rd District Court, that is, to mature the original IAB award. Appellant’s motion for nonsuit was granted on January 16, 1984.
On February 1, 1984, Appellee filed a motion for summary judgment on her cause in the 333rd District Court. On February 21, 1984, Appellant filed a response to the motion, as well as a plea in abatement in the 333rd District Court, urging the trial court to abate the case until “resolution of the question of competing jurisdiction” between the court and the IAB and “until such time as the Industrial Accident Board has rendered a Nunc Pro Tunc award.” The trial court granted the plea in abatement through April 30, 1984. On May 7, 1984, Appellee moved for and was granted a default judgment on her cross-action in the 334th District Court for the sum of $55,488.30. On June 20, 1984, the IAB issued a Nunc Pro Tunc award correcting its earlier error and awarding Ap-pellee compensation based on a ten percent (10%) loss of use of the right leg and a five percent (5%) loss of use of the left leg. Subsequently, Appellant filed, and was granted, a motion for summary judgment in the case pending in the 333rd District Court. Appellant brings this appeal from the default judgment rendered against it in the 334th District Court.
In point of error one, Appellant contends the trial court erred in entering a default judgment against it on Appellee’s cross-action. We disagree.
While the record does not reflect the filing date of Appellant’s motion for non-suit, both parties state in their brief that Appellee filed its counterclaim before the trial court granted Appellant’s motion. (Appellee, in fact, states that the motion was filed on January 4, 1984, two days before she filed her counterclaim.) However, the granting of a non-suit is merely a *477 ministerial act. As a general rule, a plaintiff’s right to take a non-suit upon his own cause of action exists from the time a written motion is filed, unless the defendant has filed pleadings seeking affirmative relief. Greenberg v. Brookshire, 640 S.W.2d 870 (Tex.1982). It is axiomatic that if no counterclaim is filed before plaintiff’s motion for non-suit is filed, a defendant will be barred from prosecuting the same, even if the counterclaim is filed before plaintiff’s motion is granted. See id; 4 R. McDonald, TEXAS CIVIL PRACTICE § 17.-16.3 (rev. 1984).
This general rule does not, however, apply to worker’s compensation proceedings. TEX.REV.CIV.STAT.ANN. art. 8307d (Vernon Supp.1985) provides:
At any time before the jury has retired in the trial of a workmen’s compensation case on appeal from an award of the Industrial Accident Board, the plaintiff may take a nonsuit after notice to the other parties to the suit and a hearing held by which time all parties must perfect their cause of action, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief. When the case is tried by the judge of a district or county court, such nonsuit, after notice and hearing, may be taken at any time before the decision is announced. (Emphasis added.)
There is no evidence in the record to show that prior to granting the non-suit the trial court held a hearing as required by Article 8307d as set out above. Since the procedure set forth in the statute was not followed, Appellee was still entitled to proceed on her counterclaim. Texas Employers Insurance Assoc. v. Singleton, 616 S.W.2d 232 (Tex.Civ.App.—San Antonio 1980, writ ref’d n.r.e.); Barton v. Pacific Employers Indemnity Co., 532 S.W.2d 128 (Tex.Civ.App.—Corpus Christi 1975, writ ref’d n.r.e.). Since Appellant chose to discontinue its own action while Appellee was able to maintain her counterclaim, it was incumbent upon Appellant, under the circumstances, to file an answer to Appellee’s suit after service was properly made upon it. When Appellant failed to answer, Ap-pellee was entitled to request the court to render a default judgment, as it did. We overrule point of error one.
In point of error two, Appellant contends the trial court erred by entering a default judgment against it because the trial court did not have subject matter jurisdiction. Appellant argues (1) that such jurisdiction remained in the 333rd District Court of Harris County where Appellee filed suit, seeking to mature the IAB award approximately two months before she filed her counterclaim in a different court; or (2) that such jurisdiction rested with the Industrial Accident Board who had agreed to revoke the original award due to the clerical error. We disagree with both of these contentions.
The general rule in Texas is that the court in which a suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts. Ex parte Lillard, 159 Tex. 18, 314 S.W.2d 800 (1958). A subsequent suit involving the same parties and the same controversy must be dismissed if a party to the suit calls the second court’s attention to the pendency of the prior suit by a plea in abatement. Curtis v. Gibbs, 511 S.W.2d 263 (Tex.1974). In the case before us, Appellant did not urge a plea in abatement, thus notifying the court in which the second suit was filed that another action was pending. Having failed to do so, Appellant has waived its right to complain of this matter on appeal. See 4 R. McDonald, TEXAS CIVIL PRACTICE § 7.10 (rev. 1984).
We also disagree with Appellant’s argument that the 334th District Court had no jurisdiction because the Industrial Accident Board had revoked the original award; therefore, the award was no longer in existence. Appellant claims that under the terms of TEX.REV.CIV.STAT.ANN. art. 8306, § 12d (Vernon 1967), the IAB was permitted to change or revoke the original award upon a showing of change of condition, mistake, or fraud, notwithstanding the fact the award had become a “final award” *478 pursuant to TEX.REV.CIV.STAT.ANN. art. 8307, § 5 (Vernon Supp.1985). While we agree with the premise that art. 8306, § 12d allows a change under certain circumstances, we do not believe it applies to the case before us. Article 8307, § 5 provides, in part:
Any interested party who is not willing and does not consent to abide by the final ruling and decision by said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred ... to set aside final ruling and decision, and said Board shall proceed no further toward the adjustment of such claim.... If any party to such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty (20) days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto_ (Emphasis added.)
Despite the fact the IAB award becomes final under article 8307, § 5 as set out above, article 8306, § 12d permits the IAB, upon its own motion or that of an interested party, to change or revoke a previous order upon a showing of change of condition, fraud or mistake. This section was not meant, however, to provide a method for correcting errors made in fixing the amount of the original award. Rather, its purpose is to provide a means for an employer or employee to obtain an increase, decrease or termination of an award because of a change in a worker’s physical condition which may occur subsequent to the award. Fidelity & Guaranty Ins. Underwriters, Inc. v. Mendoza, 588 S.W.2d 612 (Tex.Civ.App.—Austin 1979), rev’d on other grounds, 606 S.W.2d 692 (Tex.1980); Commercial Standard Ins. Co. v. Brock, 167 S.W.2d 281 (Tex.Civ.App.—Amarillo 1942, writ ref'd w.o.m.). We overrule point of error two.
In point of error three, Appellant contends the trial court erred in awarding $13,-473 in attorney’s fees to Appellee because there was no evidence to support the award. We agree.
Whether attorney’s fees are reasonable or not, in the absence of a written agreement, is a fact question upon which the court must hear evidence. Burrows v. Bowden, 564 S.W.2d 474, 475 (Tex.Civ.App.—Corpus Christi 1978, no writ). TEX.R. CIV.P. 243. A demand for reasonable attorney’s fees is a demand for unliquidated damages, and such an award must be made upon evidence in support of pleadings. Blumenthal v. Ameritex Computer Corp., 646 S.W.2d 283, 287 (Tex.App.—Dallas 1983, no writ); Watson v. Sheppard Federal Credit Union, 589 S.W.2d 742, 744 (Tex.Civ.App.—Fort Worth 1979, writ ref’d n.r.e.). Appellee concedes in his brief that she presented no evidence to support her request for attorney’s fees. Therefore, we reverse the award of attorney’s fees and remand the case for trial on that issue.
The judgment of the trial court is affirmed in part, and reversed and remanded in part.