Lyndon L. DALY, Appellant,

v.

The BOARD OF TRUSTEES OF the LAREDO MUNICIPAL JUNIOR COLLEGE et al., Appellees.

No. 15420.

Court of Civil Appeals of Texas, San Antonio.

May 30, 1975.

Hardberger, Branton & Herrera, Phillip D. Hardberger, San Antonio, for appellant.

Oscar J. Pena, Laredo, for appellees.

BARROW, Chief Justice.

Appellant has perfected his appeal from a take-nothing summary judgment in his suit against the Board of Trustees of the Laredo Municipal Junior College (LMJC) and its president, Ray A. Laird, to recover damages for breach of a contract to teach the nine-month term beginning on September 1, 1969. The trial court concluded that the suit was barred under the rule of res judicata by virtue of a prior judgment rendered between these same parties in the United States District Court for the Southern District of Texas which was affirmed by the United States Court of Appeals, Fifth Circuit. See Daly v. Moore, 491 F.2d 104 (1974).

Appellees' motion for summary judgment was supported by certified copies of the complaint filed by appellant in the Federal Court and the judgment and opinion of the Fifth Circuit. We are met at the outset by appellant's complaint, raised at oral argument, that the summary judgment of the United States District Court is not in the summary judgment record. In Gardner v. Martin, 345 S.W.2d 274 (Tex.1961), it was held that defendant was not entitled to a summary judgment based on a plea of res judicata where certified copies of the court record were not attached to the motion. In Boswell v. Handley, 397 S.W.2d 213 (Tex.

1965), a summary judgment was reversed because of the movant's failure to attach to his motion a verified or certified copy of the will and order probating same although the point was raised for the first time before the Court of Civil Appeals.

■ We have a different situation here in that appellees' motion for summary judgment is based upon the judgment and opinion of the Fifth Circuit. Certified copies of these documents are attached to appellees' motion. It was therefore not necessary that appellees file a certified copy of the judgment of the United States District Court.

Appellant urges by his single assignment of error that the trial court erred in granting the summary judgment on the ground of res judicata. Appellant asserts under this point that the State Court claim presents a new and distinct cause of action from that asserted in the Federal Court. Appellant alleged three causes of action in the Federal Court: (1) that he had been fired for reasons infringing upon his right to free speech and association; (2) that the decision to terminate his employment was wholly arbitrary and capricious; and (3) that he was denied his procedural rights as set forth in the college's rules concerning faculty dismissal, and was therefore denied due process of law. The four issues submitted to the jury relate entirely to appellant's claim that his First Amendment rights were violated. The jury found, in response to these issues, that none of said rights were violated although the sum of $8,000 was found as punitive damages. No issues were submitted to the jury regarding the alleged violation of appellant's due process rights as a tenured instructor in LMJC.

On appeal the Fifth Circuit held that the trial court did not abuse its discretion in refusing to award punitive damages because of the jury's failure to find that appellees had violated appellant's First

Amendment rights. The Fifth Circuit further held that the trial court did not err in refusing to submit appellant's requested instructions as to the due process requirements of the Fourteenth Amendment. As a basis for this holding, the Court cited its prior opinion in Smith v. Board of Regents, 426 F.2d 492 (1970), wherein it was held that the rules and regulations of the college which provided for a hearing for any faculty member who was discharged did not come into play because of Smith's voluntary resignation.

In affirming the judgment of the trial court against Daly, the Fifth Circuit held:

"The facts before this court dictate only one conclusion. The plaintiff (Daly) willfully terminated his contract with Laredo Junior College and never reached the point at which hearing was required. There is no indication in the record of any desire of the college to dismiss the plaintiff for any reason other than his failure to honor his contract commitment to them. There are no facts to support the conclusion that an abridgement of the plaintiff's First Amendment rights took place, nor was there any evidence that required any consideration of plaintiff's due process rights to a greater extent than was done by the trial court."

Appellant urges that the suit at bar seeks damages for a breach of his contract of employment with appellees and therefore is not barred by the take-nothing judgment in his Federal Court suit of his claim for damages for the alleged violation of his constitutional rights. It is seen that appellant's cause of action for violation of his due process rights under his contract with appellees necessarily required a finding that he was discharged by appellees and did not willfully terminate the contract. The Fifth Circuit held that appellant willfully terminated his contract with LMJC. This finding, correct or not, has become final and bars subsequent litigation in the State Court of the same issue between these parties.

In Abbott Laboratories v. Gravis, 470 S.W.2d 639 (Tex.1971), the Supreme Court held that an existing final judgment rendered upon the merits by a court of competent jurisdiction upon a matter within its jurisdiction is conclusive of the rights of the parties in all other actions on the points at issue and adjudicated in the first suit.

The issue of whether appellant's contract was wrongfully terminated by appellees or willfully terminated by appellant was determined adverse to appellant by the Fifth Circuit. This determination is conclusive between these same parties in the present proceeding under that aspect of res judicata sometimes called collateral estoppel. Griffin v. Holiday Inns of America, 496 S.W.2d 535 (Tex.1973). The trial court properly sustained appellees' motion for summary judgment.

The judgment is affirmed.