**Richard L. CHANDLER, d/b/a Skyline Plumbing and Hardware, Appellant,**

v.

**CARNES COMPANY and The Johnston Company, Appellees.**

No. 6975.

Court of Civil Appeals of Texas, El Paso.

Aug. 6, 1980.

Richard L. Chandler, pro se.

Scott, Hulse, Marshall & Feuille, Frank Feuille, IV, Calhoun, Morton, Deason & Preslar, Charles A. Deason, Jr., El Paso, for appellees.

## OPINION

OSBORN, Justice.

Richard L. Chandler appeals from a summary judgment entered against him as a result of a plea of res judicata arising out of the final judgment reviewed by this Court in our Cause No. 6901, styled *Richard L. Chandler v. The Carnes Company.* We reverse and remand.

Carnes Company sued Mr. Chandler in Cause No. 77–6473 in the 34th Judicial District Court to recover on a sworn account for goods sold to Mr. Chandler, plus attorney's fees. The account was based in part upon six exhaust fans which were installed in the Socorro Junior High School. Upon the trial of that case, the jury found Carnes was owed $5,221.70 by Skyline Plumbing and Hardware, the trade name used by Mr. Chandler. In answer to a question related to Mr. Chandler's cross–action as to what sum would compensate Skyline for damages proximately resulting from Carnes' "failure

to deliver operable the six electric motors," the jury answered: "None." The judgment based on that verdict in favor of Carnes Company has now been affirmed in our Cause No. 6901.

In the present case, Mr. Chandler seeks to recover damages under the Deceptive Trade Practices Act, particularly alleging that Defendants failed to comply with the express warranty as to the fans sold to him. In its answer, Carnes Company asserted that the alleged cause of action is barred under the doctrine of res judicata. Its motion for summary judgment is based upon the verdict and judgment in the earlier case in the 34th District Court. The transcript in this case does not reflect any motion filed by The Johnston Company, and it has filed no brief in this Court. Our opinion in a related case arising out of this same transaction appears in *Chandler v. Gillis,* 589 S.W.2d 552 (Tex.Civ.App.–El Paso 1979, writ ref'd n.r.e.).

By his Second and Third Points of Error, Appellant contends that the evidence offered by the moving party was not sufficient to support the summary judgment based on the doctrine of res judicata. We agree. Defendant's original answer has attached to it a signed copy of the judgment entered in Cause No. 77–6473 in the 34th Judicial District Court. The motion for summary judgment refers to that judgment as the basis for the motion. The response to that motion pointed out that no certified copy of the judgment or court records from the prior case has been filed in compliance with Rule 166–A, Tex.R.Civ.P. An amended motion was filed and it recites that a certified copy of the judgment is attached as an exhibit. The transcript does not, in fact, show that a certified copy was attached, but the issue is conceded in Appellant's brief. Otherwise, the judgment could not stand because a motion for summary judgment must be supported by its own summary judgment proof attached to the motion or supporting affidavit. *Texas National Corporation v. United Systems International, Inc.,* 493 S.W.2d 738 (Tex. 1973); *Chandler v. El Paso National Bank,* 589

S.W.2d 832 (Tex.Civ.App.–El Paso 1970, no writ).

 Even with Appellant's admission that a certified copy of the judgment in the earlier case was, in fact, attached to the amended motion, we still conclude that the proof was not sufficient to support the granting of a summary judgment. We agree with the statement in Dorsaneo, 4 Texas Litigation Guide sec. 101.03[10][b] (1980), that "[n]ormally, the petition and the judgment are essential items * * *." Without the petition from the case in the 34th District Court, it would not be possible for the Judge in this case to know that the same claim as is now being made had, in fact, been decided in the earlier case.

In *Gardner v. Martin*, 162 Tex. 156, 345 S.W.2d 274 (1961), the Court reviewed a summary judgment in which the motion for judgment was based on a plea of res judicata, and the motion referred to "the pleadings, evidence and judgment of the Court * * * " in the earlier case. In reviewing the judgment, the Court noted that the summary judgment rule requires that certified copies of the documents referred to be attached to the motion for judgment.

The Appellee argues that under the doctrine of judicial notice, it was not necessary to attach pleadings from the earlier case, particularly as to our review of the case since the pleadings in that earlier case are now before this Court in our Cause No. 6901. We reject this argument for two reasons. First, such a contention was rejected in *Gardner v. Martin*, supra. Also see: *Gist v. Stamford Hospital District*, 541 S.W.2d 510 (Tex.Civ.App.–Eastland 1976, writ ref'd n.r.e.); *Serna v. Reyna*, 418 S.W.2d 701 (Tex.Civ.App.–Corpus Christi 1967, writ ref'd n.r.e.). But, of more importance is the fact that the trial Judge in this case in the 210th Judicial District Court could not take judicial notice of the pleadings in Cause No. 77–6473 in the 34th Judicial District Court. *Culver v. Pickens*, 142 Tex. 87, 176 S.W.2d 167 (1943); *Winslar v. Bartlett*, 573 S.W.2d 608 (Tex.Civ.App.–Waco 1978, no writ); 1 Ray, Texas Law of Evidence sec. 186 (3d ed. 1980). Likewise,

this Court, in reviewing the decision of the trial Court, must decide the case on the record before that Court and may not look to the record in some other case to decide this case. *Armendariz v. Serna*, 40 Tex. 291 (1874).

Appellant's points of error 2 and 3 are sustained. The judgment of the trial Court is reversed and the case remanded to that Court.