**James E. McINTIRE, Appellant,**

**v.**

**Patricia McINTIRE, Appellee.**

**No. 01–85–0353–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 12, 1985.

Rehearing Denied Jan. 16, 1986.

Paul Funderburk, Houston, for appellant.

E.W. Newman, Houston, for appellee.

Before JACK SMITH, DUGGAN and HOYT, JJ.

## OPINION

JACK SMITH, Justice.

This is a summary judgment case involving claims for proceeds from an insurance policy.

The appellant and the appellee were formerly married. After the divorce, the appellee's home was burglarized, and several items, including a silver service set, were stolen. An insurance policy, providing burglary coverage, still designated the appellant and the appellee as the named insureds. After the burglary, both parties alleged ownership of the silver service and claimed they were entitled to recover the insurance proceeds. The insurance company filed an interpleader action and was eventually dismissed from the suit.

The appellee filed a motion for summary judgment alleging that the stolen items

were her separate property awarded in the divorce decree, and therefore, the doctrine of res judicata applied. In response, the appellant contended that the appellee's affidavit contained legal conclusions and that a factual issue existed as to the ownership of the silver service set. The court entered a summary judgment in favor of the appellee.

In his only point of error, the appellant contends that the trial court erred in granting the appellee's motion for summary judgment because an issue of fact existed regarding the ownership of the silver service set.

In reviewing a summary judgment record, it is the duty of the appellate court to apply the following rules: (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true, and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. *Wilcox v. St. Mary's University,* 531 S.W.2d 589, 592–93 (Tex.1975).

■ Initially, the appellant argues that the appellee's failure to attach a certified copy of the couple's divorce decree to her motion is insufficient to support the summary judgment. The appellant failed to except to the uncertified copies of the decree that were attached to the appellee's motion for summary judgment. When no exception is taken to the summary judgment pleadings, the non-movant waives the procedural requirements under Rule 166–A(e), and copies are a sufficient basis for summary judgment, when it fairly appears there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law. *Bailey v. Gulfway National Bank,* 626 S.W.2d 70, 72 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); Tex.R.Civ.P. 166–A(c)(e).

■ The appellant also contends that the affidavit of the appellee's attorney was not verified. He has not briefed this point, and he also failed to raise this issue in the trial court as required by Rule 166–A(c). Consequently, he failed to preserve error on this point. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 676–77 (Tex.1979).

The appellant next contends that the trial court erred because the appellee failed to attach a copy of the parties' divorce pleadings to her motion. In support of his position, he relies on the decision of *Chandler v. Carnes Co.,* 604 S.W.2d 485 (Tex.Civ. App.—El Paso 1980, writ ref'd n.r.e.).

In *Chandler,* the appellant attacked a summary judgment entered against him as the result of a plea of res judicata. *Id.* at 486. The appellee's motion was based upon the verdict and judgment of a prior proceeding, but he neglected to attach the documents. After the appellant pointed out that the judgment or court records were missing, the appellee amended his motion to include a copy of the judgment; however, he neglected to attach a copy of the petition from the previous suit. *Id.* at 486–87. Finding that the lack of pleadings resulted in the evidence being insufficient to support the summary judgment, the court reversed the judgment and remanded the case. *Id.* at 487; *see also Gardner v. Martin,* 162 Tex. 156, 345 S.W.2d 274 (1961); *Armstrong v. Rice,* 556 S.W.2d 620 (Tex.Civ.App.—Texarkana 1977, writ dism'd); *Daly v. Board of Trustees,* 524 S.W.2d 410 (Tex.Civ.App.—San Antonio 1975, no writ).

■ In the instant case, the appellant failed to raise this issue at the trial level; therefore, the *Chandler* decision is distinguishable. Furthermore, Rule 166–A expressly provides that any issues not presented to the trial court by written motion, answer, or other response cannot be considered on appeal as grounds for reversal. Tex.R.Civ.P. 166–A(c).

We also note that *Gardner v. Martin,* 162 Tex. 156, 345 S.W.2d 274 (1961), relied upon in *Chandler,* has essentially been cit-

ed by the Texas Supreme Court for the proposition that, if the movant fails to attach certified copies of a prior case to establish a res judicata claim and the non-movant does not point out the omission at the trial level, he may not assign the defect as error on appeal. *City of Houston,* 589 S.W.2d at 679; *Chandler,* 604 S.W.2d at 487. The rationale behind this rule is that the non-movant's written answer or response must fairly apprise the movant and the court of the issues the non-movant contends should defeat the motion. *City of Houston,* 589 S.W.2d at 678.

The appellant also argues that the appellee's affidavit contains legal conclusions rather than facts that would be admissible in evidence. *See* Tex.R.Civ.P. 166–A(e). Consequently, the appellant maintains that it was error for the court to enter a summary judgment.

The pertinent parts of the appellee's affidavit state that the stolen property constitutes her "personal and separate property the same being so adjudicated by decree of divorce on the 14th day of January, 1983."

A legal conclusion in an affidavit is insufficient to raise an issue of fact in response to a motion for summary judgment or to establish the existence of a fact in support of a motion for summary judgment. *Mercer v. Daoran Corp.,* 676 S.W.2d 580, 583 (Tex.1984).

In the instant case, although the decree did not specifically mention that the silver belonged to the appellee, it expressly provided, in a residuary clause, that she was to be awarded as her "sole and separate property ... any and all property in her possession and that the appellant was divested of all right, title and interest to such property." It is uncontroverted that the silver service set was in the appellee's possession prior to and at the time it was stolen.

■ The cases relied upon by the appellant can be distinguished because the statements in the affidavits in those cases were conclusions. In the instant case, the appellee's statement is not a conclusion but is a recitation of the holding made by the court in a prior divorce proceeding. Her affidavit is supported by the divorce decree.

The law is clear that where a divorce judgment is not appealed and it appears regular on its face, the judgment is not subject to a collateral attack in a subsequent suit. *Hardin v. Hardin,* 597 S.W.2d 347, 350 (Tex.1980). In the instant case, there is no evidence that either party is appealing the prior judgment. Consequently, the divorce decree is final, the judgment is res judicata, and the appellant is prevented from attempting to relitigate any issue decided in the decree. *See Day v. Day,* 603 S.W.2d 213, 215 (Tex.1980).

The only remaining point raised by the appellant is that the divorce decree did not dispose of all the property owned by the parties. Specifically, he contends that there was no disposition of the silver set, and therefore, there is a fact issue as to its ownership.

The appellant's allegation that the divorce decree did not specifically name the silver set in its disposition of property is correct. However, an inspection of the divorce decree shows that the parties and the court went to great lengths to dispose of all personal and real property owned by either party. To insure a complete and total division of all property claimed by either party, the court also made the following award to each party: "Any and all property in her [his] possession." As heretofore noted, it is undisputed that the appellee had the silver service in her possession when it was stolen.

Notwithstanding the divorce court's obvious attempt to make a final disposition of the parties' property, we are of the opinion that its decree did not determine the ownership of the silver service set, if the set was the separate property of the appellant.

In his affidavit, filed in opposition to the motion for summary judgment in the present case, the appellant stated:

On the date of the Decree, ... in the house were several items belonging to James Daniel McIntire [appellant] as well as a set of silver service which I had acquired during a marriage previous to

the Marriage to Pat McIntire. I had not been able to retrieve the silverware from the house due to the restraining order during the divorce ...

This sworn statement by the appellant placed the ownership of the silver service at issue because the appellee was asserting ownership. This statement also controverted the appellee's statement that the prior final divorce decree had awarded the silver service set to the appellee as her separate property.

■ In determining whether the divorce decree actually made an award of the silver service set to either party, we look to the phraseology of the decree. The decree, in the property division portion, commences as follows: "IT IS DECREED that the Estate of the parties be divided as follows...." The phrase "estate of the parties" has been held to mean the community property of the parties. *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 139 (Tex.1977). This same phrase has been placed in the property. *Cameron v. Cameron*, 641 S.W.2d 210, 214 (Tex.1982); Tex.Fam.Code Ann. sec. 3.63 (Vernon Supp.1985). Thus, we hold that the divorce decree, in using the phrase "estate of the parties," made a division of community property only. Furthermore, since the Texas Constitution in Art. XVI, sec. 15, does not provide for the transmutation of a spouse's separate property into the other spouse's separate property, a trial court cannot divest separate property from one spouse and award it to the other spouse as the latter's separate property. *Cameron*, 641 S.W.2d at 214.

■ We hold that a fact issue exists as to whether the silver service set is community property or separate property. When that issue is resolved, the trial court will be in a position to determine which party is entitled to recover the insurance policy proceeds.

*The* judgment of the trial court is reversed and the cause is remanded to that court for further proceedings consistent with this opinion.