**Clint BASS, et al., Appellant,**

v.

**CHAMPION INTERNATIONAL
CORPORATION, Appellee.**

**Nos. 09–88–276 CV, 09–88–277 CV.**

Court of Appeals of Texas,
Beaumont.

March 30, 1990.

Mark Morefield, Mark Morefield & Associates, Liberty, for appellant.

Paul W. Gertz, Orgain, Bell & Tucker, Beaumont, for appellee.

OPINION

WALKER, Chief Justice.

This appeal arises from two suits for injunction against trespass instituted by appellee, Champion International Corporation against appellants Clint Bass and Fred Hetzel.

Champion and its predecessor corporations have been record title holders of the subject timberland since 1951 when it was purchased from Sam Reid, et al. Because of appellants Bass and Hetzel's trespass on the property, these injunctive actions were filed. Appellants Bass and Hetzel's defenses were "title by limitation" or "adverse possession" to an unspecified amount of acreage within the property described in Champion's deed. Appellants, in their an-

swer, claim title to the subject property by virtue of the five, ten and twenty-five year statute of limitations. They make no claim of record title or any color of title.

The tract of land acquired by Champion in the 1951 Reid deed consists of 1781.79 acres. The far eastern portion of the land in question, which adjoined the Neches River was condemned by the United States Government as part of the Big Thicket Preserve Project. In the federal condemnation proceeding, appellants Bass and Hetzel also made a claim to the condemned land (which is a smaller part of the eastern portion claimed by them in this case). Appellants claim in the federal court was by title by adverse possession based on the same type of uses claimed in this suit to be sufficient for title by adverse possession. After a full hearing on the matters before the United States District Judge, the court affirmed Champion's record title to the acres within the deed description which included the condemned tracts. The United States District Court had appointed a Substitute Special Master to determine the status and ownership as to certain tracts in the Big Thicket National Preserve, located in Hardin County, Texas. The Substitute Special Master stated his findings and conclusions and made recommendations with regard to the matter. Based upon those recommendations and findings, the U.S. District Court then entered its title decree. Quoting a portion of said title decree for future purposes in this opinion:

"The Court after reviewing said report, the exhibits to the title hearing, and the other pleadings and documents in this cause, find that the report should be approved and it is so hereby approved and adopted by this Court, and the Court further finds, rules, and orders that:

(a) Defendant Champion International Corporation ("Champion") holds record title to the two tracts involved herein as well as the other property described in a deed to Champion Paper & Fiber Company from Sam H. Reid, Jr., et al., dated October 31, 1951, and filed for record October 31, 1951, in volume 241, page 516 of the Deed Records of Hardin County, Texas, said deed describing land in the Felder Survey."

The U.S. District Court overruled Bass and Hetzel's adverse possession claim to any portion of the land owned by Champion and made the following order in that regard:

"That the adverse possession claimed by defendants Bass and Hetzel to the property in the Felder Survey are overruled and denied. Defendants Bass and Hetzel claimed title by adverse possession to property included within the tract to which Champion has record title. This Court hereby denies and overrules such adverse possession claim and rules that Clint Bass and Fred Hetzel do not have title by adverse possession to said property of Champion within the Felder Survey, including the tracts described in Exhibit "A" hereto."

The Title Decree and final judgment in the federal district court were affirmed and ratified on April 30, 1986.

After the federal court ruling, Champion filed a motion for summary judgment in this state court case which was granted by the district judge. Appellants Bass and Hetzel appealed the trial court's granting of the motion for summary judgment in favor of Champion. That appeal came to this Court by way of Cause No. 09-87-0666 and Cause No. 09-87-0667. This Court in an unpublished opinion, delivered December 31, 1987, reversed that judgment due to Champion's failure to comply with the strict procedural requirements of Rule 166-A(c) of the TEX.R.CIV.P.

Bass and Hetzel also appealed the adverse federal court title decision. The Fifth Circuit Court of Appeals in Cause No. 86-2519, *United States of America v. 33.71 Acres of Land, etc., et al.* on February 23, 1988 affirmed the Federal District Court decision in favor of Champion [841 F.2d 395]. The unpublished opinion was included as an exhibit to the motion for summary judgment.

In that opinion, the Fifth Circuit noted that Bass and Hetzel had attacked Champion's record title to the property under deed. The Court of Appeals ruled that the "Spe-

cial Master did not err in awarding record title in Champion".

The Fifth Circuit further affirmed the lower court's decision that Bass and Hetzel had failed to prove their adverse possession claim and stated:

"The record is devoid of evidence that would tend to prove adverse possession. On the contrary, the evidence indicates that Bass and Hetzel were aware that Champion was cutting trees on the land and never complained and that Hetzel in fact moved on the land as a Champion employee whose duty as land custodian was to watch out for trespassers and have persons on the property sign tenancy agreements. With this evidence, we cannot say that the Special Master's finding that Bass and Hetzel failed to prove their claim is clearly erroneous."

After the Fifth Circuit's decision became final, affirming record title in Champion and overruling the adverse possession claims, Champion filed a second motion for summary judgment in this state court case which was granted by the court along with a permanent injunction against the defendant's trespasses on the land. This second summary judgment is the subject of this appeal.

Bass and Hetzel have never disputed the fact that they have, at various times, entered upon the subject land without permission of Champion. Rather, they have used their action in trespassing on the property as a basis for arguing their adverse possession claim. It is also undisputed that an unspecified portion of the land under the Reid–Champion Deed is the land at issue in this case.

Appellants in their first point of error contend that the trial court erred in entering a permanent injunction because appellee failed to offer any summary judgment evidence that it was the owner of the land in question, or that it had a superior right of possession. We disagree and overrule point of error number one.

The Title Decree, entered by the U.S. District Court and affirmed by the Fifth Circuit Court of Appeals, contains a legal description of and for tracts nos. 200–04 and 200–06, the condemned property which was the subject of the federal proceeding. The legal description found by the federal court states that the "above parcel designated as tract 200–4 [200–06], Big Thicket National Preserve, is part of the same land acquired by Champion Paper and Fiber Company from Sam H. Reid, Jr., et al. by deed dated October 31, 1951...."

The Fifth Circuit Court of Appeals opinion specifically affirmed record title in Champion and further affirmed the title decree in its entirety.

Both appellants and appellee agree that in order for the trial court to have sustained or granted a summary judgment in favor of appellee that appellee was required to establish trespass as a matter of law by convincing the trial court that Bass and Hetzel entered upon the subject land, owned by Champion, without Champion's actual or apparent consent. Appellants Bass and Hetzel in their affidavits which were before the trial court admit entry upon the land at various times since 1952 and further admit to the use of the property without Champion's permission. (It is apparent that Bass and Hetzel were required to show lack of permission by Champion in order to form a basis for their adverse possession plea.) The only other requirement for appellee was to present evidence to the trial court that the property upon which Bass and Hetzel entered and claimed was property owned by Champion. We are of the opinion that this requirement was satisfied by the Title Decree which confirms Champion's record title to the property under deed. From a review of the record before us, there is no question but that the scope of the title decree judgment in the federal court case was at issue and was decided adversely to Bass and Hetzel. Based on the foregoing we overrule appellant's point of error number one. Also for reasons stated, we overrule appellant's point of error number two which contends that the trial court erred in entering a permanent injunction against appellants because there exists a genuine issue of fact as to who owns or has a superior right of possession to the land in question.

In their point of error number three, appellants contend that the trial court erred in entering a permanent injunction against appellants because appellees fail to offer any summary judgment evidence that appellee had no adequate remedy at law or would suffer irreparable damage or harm should a permanent injunction not issue. We again disagree with appellants.

Our reason for disagreeing with appellants is based upon appellants' own admission that they entered upon the land without the permission of Champion, the record title holder. The affidavits of Bass and Hetzel demonstrate that both have entered onto the property in question at various times and that such entry was without the permission of Champion and, furthermore, that such entry onto the property without permission of Champion has been the basis of Bass and Hetzel's unsuccessful pleas of adverse possession. The affidavit evidence of Bass and Hetzel themselves established that the land in question was traversed by both men on various occasions and that the land was used by both men on various occasions without the permission of Champion. While such does not, in and of itself, rise to the level of establishing an adverse possession claim, such entries certainly constitute trespass as a matter of law.

In *Frost v. Mischer*, 463 S.W.2d 166 (Tex. 1971), the Court recognized and affirmed the rule that an injunction suit is proper against a "naked trespasser who forcibly or fraudulently intrudes upon the land of an owner in possession." The same rule has been stated in *Ives v. Karnes*, 452 S.W.2d 737, 741 (Tex.Civ.App.—Corpus Christi 1970, no writ), *Owens v. Texaco*, 368 S.W.2d 780 (Tex.Civ.App.—Beaumont 1963, no writ) and *McMahon v. Fender*, 350 S.W.2d 239 (Tex.Civ.App.—Waco 1961, writ ref'd. n.r.e.).

■ These cases clearly establish that when a person repeatedly trespasses on one's property, the remedy of injunction is appropriate to restrain such continued trespasses. Thus the requirements of no adequate remedy at law and irreparable damage are satisfied.

■ Appellants' points of error four and five shall be dealt with together since they address the issue of appellee's plea of res judicata as to certain uses made by appellants of the land at issue as opposed to the uses made by appellants of the land the subject of the federal condemnation case.

A close review of the record convinces us that the trial court was correct in granting summary judgment on the basis of a plea of res judicata in that the uses made by appellants of the subject land were substantially the same as the uses claimed in the federal condemnation case and the federal court judgment is res judicata of the issues presented herein.

In the federal suit for condemnation, Bass and Hetzel in sworn testimony, described the use allegedly made of the condemned tract. In affidavits filed by Bass and Hetzel, they set forth a description of the uses made of the property at issue in this suit. In the federal condemnation suit, Mr. Bass testified that he had maintained a fence, ran cattle and hogs, cultivated the land, and put a trailer house on the land. Mr. Hetzel testified in the federal condemnation suit that he had partially constructed a log cabin which was never completed, gardened on the tract, ran cattle on the tract and planted fruit trees. In the affidavits of Mr. Bass and Mr. Hetzel in our case, Mr. Bass states that he maintained a fence, ran cattle and hogs, cultivated the land and hunted the land and used and enjoyed it. Mr. Hetzel's affidavit stated that he had a cabin on it, gardened on the tract, ran cattle and hogs and fenced it and made other uses of it.

Thus the conclusions of appellants that the uses that were made of the property in this law suit were completely different from the uses made of the land condemned in the federal law suit are not supported by the prior sworn testimony and the affidavits of appellant.

Not only were the uses claimed by Bass and Hetzel substantially the same, but the land involved in both, was part of a single tract under the 1,781 acre Champion deed. Thus, the land at issue in the federal suit was a part of the land claimed by Bass and

Hetzel in this suit, which in turn was part of the larger approximate 1,781 acre Champion tract. The title issue concerning the entire 1,781 acre tract was resolved in the federal case.

Appellants contend that the U.S. District Court exceeded its jurisdiction in finding that their adverse possession claims were overruled. They argue that since U.S. District Courts are courts of limited jurisdiction, the judgment and title are void. The federal court addressed and decided three basic issues:

(1) The validity of Champion's recorded title;

(2) The validity of any deeds to Bass and Hetzel; and

(3) The adverse possession claim of both sets of parties.

The federal court had jurisdiction to determine that the land to be condemned was part of a larger tract included within a deed to Champion International Corporation. Because the land sought to be condemned was part of the land encompassed within the Reid–Champion deed, the court necessarily had to determine the validity of Champion's title. It could not determine title to part of the land without incidentally deciding title to the whole. The court determined that record title was in Champion International Corporation and found no record title in Bass and Hetzel.

Likewise since the adverse possession claims of Bass and Hetzel were not restricted solely to the two smaller tracts sought to be condemned, the federal court necessarily had the jurisdiction to determine the validity of the broader adverse possession claim being made by Bass and Hetzel. The federal court determined the issue of adverse possession of Bass and Hetzel adversely to them. Appellants are before us making a collateral attack on the federal court judgment. It is settled law that the jurisdiction of one court may not be questioned in a different forum if the issue was fully and fairly litigated in the rendering court. *Underwriters National Assurance Co. v. North Carolina Life & Accident Assoc.,* 455 U.S. 691, 102 S.Ct. 1357, 1365–68, 71 L.Ed.2d 558 (1982).

The trial court in our case was required to give full faith and credit to the proceedings in the federal court. *Delaware Valley Citizens Counsel v. Commonwealth of Pennsylvania,* 755 F.2d 38, 43 (3rd Cir. 1985). A party that has an opportunity to litigate the question of subject matter jurisdiction, may not at a later time reopen that question in a collateral attack upon an adverse judgment. *See, Chicot County Drainage District v. Baxter State Bank,* 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940).

The lands at issue in both the federal suit and this suit are carved out of the larger tract owned by Champion. Bass and Hetzel could only establish an adverse possession claim to the tract herein based upon proof of their uses of the land. The uses alleged in the federal suit were substantially the same as the uses claimed to have been made of the slightly larger tract at issue herein. Bass and Hetzel set forth in their affidavits the facts concerning their uses and then made the conclusion that the uses were different. TEX.R.CIV.P. 166a(e) requires affidavits to contain "facts as would be admissible in evidence." The facts stated in appellants affidavits regarding the uses of the land are not different than those uses found by the federal court to be inadequate in establishing adverse possession title to the "property of Champion within the Felder Survey." Quoting the Fifth Circuit Court of Appeals: "The record is devoid of evidence that would tend to prove adverse possession."

Once an issue of title has been determined by final judgment between two parties, such as the adverse possession claim here, their rights have been adjudicated forever. *See, Martin County v. Magnolia Petroleum Corporation,* 252 S.W.2d 266 (Tex.Civ.App.—Amarillo 1952, no writ). For many years in Texas the law has been and still is that an earlier judgment of one court serves as an estoppel from litigation of the same issues in the later proceedings. Over 89 years ago, the Supreme Court of Texas in *Hanrick v. Gurley,* 93 Tex. 458, 56 S.W. 330 (1900), stated the following:

"While the cause of action in that case was not the same as that now asserted, the question as to Nicholas Hanrick's right to inherit from Edward was and is directly involved in, and common to both cases, and was expressly adjudicated in the former. Although the judgment of the court was, as we formerly held, only a denial of the right to recover the particular land there in controversy, its estoppel is much broader, and concludes the parties upon every question which was directly an issue, and was passed upon by the court in arriving at its judgment."

If we apply *Hanrick* to our case, even though the cause of action may slightly differ, the estoppel effects of the federal court judgment is much broader because the sufficiency of the "uses" claims was put in issue and decided. Appellants' adverse possession claims and Champion's title both within and outside the condemned tracts, were put into issue in that case as reflected by the Title Decree.

Appellee's brief supplies us with a more than satisfactory reservoir of cases addressing the res judicata effect of prior litigation. We think it beneficial to cite those cases, not only as support for this court's overruling of appellants points of error four and five, but also as an excellent research reference for future questions in this regard. *Kirby Lumber Corp. v. Southern Lumber Co.*, 145 Tex. 151, 196 S.W.2d 387 (1946); *Rio Bravo Oil Company v. Hebert*, 130 Tex. 1, 106 S.W.2d 242 (1937); *Houston Terminal Land Company v. Westergreen*, 119 Tex. 204, 27 S.W.2d 526 (1930); *Tadlock v. Eccles*, 20 Tex. 782, 73 Am.Dec. 213 (1858); *Martin v. Phillips Petroleum Co.*, 455 S.W.2d 429 (Tex.Civ. App.—Houston [14th Dist.] 1970, no writ); *Boyett v. Boyett*, 345 S.W.2d 799 (Tex.Civ. App.—Waco 1961, writ ref'd n.r.e.); *Baton. v. Gulf Oil Corp.*, 235 S.W.2d 491 (Tex.Civ. App.—Texarkana 1950, writ ref'd); *Kington v. Bellamy*, 50 S.W.2d 449 (Tex.Civ. App.—San Antonio 1932, writ ref'd).

■ Appellants' final point of error contends that appellee failed to offer the prior pleadings of the federal court case in evi-

dence before the state court which gave rise to appellee's plea of res judicata.

Appellants take the position that although a trial court on motion for summary judgment may take judicial notice of its own records in a case involving the same parties and subject matter, certified court records of a different case must be properly offered as summary judgment proof. Appellants further state that the failure to do so precludes entitlement to summary judgment citing Hittner, *Summary Judgments in Texas*, 22 Hous.L.Rev. 1109, 1124 (1985); *Gardner v. Martin*, 162 Tex. 156, 345 S.W.2d 274 (1961); *Serna v. Reyna*, 418 S.W.2d 701 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd n.r.e.). Appellants further rely upon the case of *Chandler v. Carnes Company*, 604 S.W.2d 485 (Tex. Civ.App.—El Paso 1980, writ ref'd n.r.e.) wherein the court reversed a summary judgment which was based upon a plea of res judicata for the reason that movant failed to offer as summary judgment proof a certified copy of the petition in the prior suit. The court in *Chandler* held that the petition was essential to prove all elements of the affirmative defense of res judicata. The *Chandler* court stated:

"Without the petition from the case in the 34th District Court, it would not be possible for the judge in this case to know that the same claim as is now being made had, in fact, been decided in the earlier case."

To address this delicate issue, we must consider what the trial court in our case did not have before it for consideration in its granting appellee's motion for summary judgment. The suit in federal court was not instituted by petition or complaint of either Bass and Hetzel or Champion. The pleadings in the federal law suit were the pleadings in support of the government's condemnation action. The question then arises, would these condemnation pleadings have benefitted the trial court in its determination of whether to grant or deny appellee's motion for summary judgment?

The holding in *Chandler* is on valid and sound ground if the trial court cannot determine from the face of the prior judg-

ment what issues were in fact tried. We are of the opinion that the rule set forth in *Chandler* is not applicable where the judgment or as in our case, the Title Decree, sets forth in such detail what claims were made by the parties and what issues were tried and decided by the court. The *Chandler* court agreed with the statement in Dorsaneo, 4 *Texas Litigation Guide*, sec. 101.03[10][b] (1980), that "normally, the petition and the judgment are essential items....". We are of the opinion that the case before us is not the "normal" case referred to in *Chandler* because in our case, the detailed description in the Title Decree of the claims and issues involved in the prior suit were made emphatically clear. In support of this court's position we cite, as did appellee, in its brief, the case of *Bankers Home Bldg. & Loan Assoc. v. Wyatt*, 162 S.W.2d 694 (Tex.Com. App., Sec. B, 1942) wherein the court stated as follows:

> "The judgment is not ambiguous and is to be construed as written. Since the terms of the judgment clearly show what was finally determined by the court, there is no occasion to resort to the pleadings or to other parts of the record. *Permian Oil Co. v. Smith*, 129 Tex. 413, 448, 449, 460, 467–469, 73 S.W.2d 490; 107 S.W.2d 564."

We hold that the terms of the federal court Title Decree so clearly stated what was determined by that court that there was no need to resort to the pleadings. Thus, there was no error in basing the summary judgment on the prior Title Decree and final judgment without proof of the pleadings.

We further hold that the federal court's Title Decree decided all the issues which were before the state court and that appellants are estopped by judgment. The trial court summary judgment was properly granted because there were no material fact issues to be decided. As a matter of law, Bass and Hetzel were trespassers upon the land owned by Champion under a judicially confirmed record title. The injunction against the wrongful trespass was justified.

The judgment of the trial court should in all things be affirmed.

AFFIRMED.