In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00026-CV


______________________________




BEATHARD JOINT VENTURE, 


f/k/a BPB JOINT VENTURE, Appellant



V.



THE WEST HOUSTON AIRPORT CORPORATION, Appellee




 


On Appeal from the 61st Judicial District Court


Harris County, Texas


Trial Court No. 2000-03548




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Beathard Joint Venture, formerly known as BPB Joint Venture, appeals the trial
court's judgment in favor of The West Houston Airport Corporation and Woody Lesikar. 
The Airport owns and operates a general aviation airport located west of Houston. The
Airport's facilities are open to the public and accommodate aircraft ranging from single
engine planes to turboprops and business jets. As part of an expansion, the Airport built
six parallel taxiways running west from its runway, connected on the west side by a taxiway
running north and south. Around these taxiways, the Airport developed a nonresidential
subdivision containing seventy-three lots, which many lot owners have used to build aircraft
hangars. 

 Lot owners entered into license agreements which gave them access to the
taxiways, runway, lighting, and navigation aids at the airport facility, and entered into
easement agreements which allowed them to use other portions of the Airport's property
to access their lots. As part of these license and easement agreements, lot owners agreed
to pay annual license and easement fees.

 Beathard purchased two lots from the original owners and assumed the license and
easement agreements for those lots. Beathard leases space in its hangar/office complex
to companies and individuals. Beathard's license agreement expired January 1, 2000, but
Beathard and its tenants continued to use the taxiways, runway, and other improvements
governed by the license agreements. Beathard also did not pay easement fees for the
year 2000. 

 The Airport sued Beathard, claiming it was trespassing on the Airport's runway and
taxiways, seeking a temporary restraining order and a temporary injunction, and seeking,
under a breach of contract theory, the delinquent easement fees for the year 2000 and,
under a quantum meruit theory, the reasonable value of the benefit Beathard received from
using the airport facilities after its licensing agreement expired. In its answer, Beathard
claimed (1) injunction was not a proper remedy because the threat of harm was not
permanent and was fully compensable by monetary damages; (2) the doctrine of unclean
hands prohibited the trial court from granting Beathard's request for equitable relief; (3) the
license agreements were unenforceable; (4) the Airport's designation of its facilities as
"public use property" for property tax purposes constituted a dedication of the facilities to
the public, a waiver of any right it had to license fees, and an express and implied
easement; and (5) the Airport was judicially estopped from claiming Beathard was
trespassing. 

 The trial court granted the Airport's request for a temporary restraining order and a
temporary injunction, though those orders are not in the record. Beathard did not appeal
from the granting of the temporary injunction. See Tex. Civ. Prac. & Rem. Code
Ann. § 51.014(4) (Vernon Supp. 2002) (allowing interlocutory appeal from granting of
temporary injunction).

 The Airport then moved for a permanent injunction by means of a motion for partial
summary judgment. In its motion, the Airport contended Beathard's defenses were barred
by res judicata and collateral estoppel. The trial court granted the Airport's motion for
partial summary judgment, thus granting the Airport a permanent injunction and finding
Beathard's affirmative defenses were barred by res judicata and collateral estoppel.

 Beathard filed a counterclaim against the Airport and a third-party claim against
Lesikar. Beathard claimed the Airport was Lesikar's alter ego and alleged causes of action
for tortious interference with contract, malicious prosecution, wrongful injunction, and
fraudulent misrepresentation. 

 The Airport and Lesikar filed a motion for summary judgment in which they claimed
they were entitled to judgment as a matter of law on the Airport's breach of contract and
quantum meruit claims and on each of Beathard's counterclaims. The trial court granted
the Airport and Lesikar's motion on all issues except for the amount of damages and
attorney's fees on the Airport's quantum meruit theory. Those issues were tried to the
bench, after which the trial court signed a final judgment and issued findings of fact and
conclusions of law. On appeal, Beathard contends the trial court erred in granting the
permanent injunction and in granting the Airport's motion for partial summary judgment with
respect to Beathard's counterclaims.

 The Airport moved for summary judgment under Tex. R. Civ. P. 166a(b). To prevail
on such a motion, the movant must establish that there is no genuine issue of material fact
and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). 
When reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant. Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999). We indulge
every reasonable inference and resolve any doubt in the nonmovant's favor. Id. On
appeal, the movant still bears the burden of showing that there is no genuine issue of
material fact and that the movant is entitled to judgment as a matter of law. Id.

 Beathard first contends the trial court erred in granting the permanent injunction
because the Airport failed to prove trespass as a matter of law. Specifically, Beathard
contends the Airport's designation of its facilities as "public use property" for property tax
purposes constitutes a dedication of its facilities to the public. Attached to its response to
the Airport's motion for partial summary judgment, Beathard included the affidavit of Roger
Beathard, a partner in the joint venture, who stated that, in a previous bankruptcy
proceeding, the Airport "rendered the airport property to Special Use valuation with the
governing tax entities, and has judicially admitted that the airport property is 'public access
property.'" Also attached to its response, Beathard included pleadings in the United States
Bankruptcy Court in which the Airport maintained that its airport facilities were "public
access airport property" under the Texas Tax Code. 

 Tex. Tax Code Ann. § 23.91(1) (Vernon 1992) defines "airport property" as real
property "designed to be used or is used for airport purposes, including the landing,
parking, shelter, or takeoff of aircraft and the accommodation of individuals engaged in the
operation, maintenance, or navigation of aircraft or of aircraft passengers in connection
with their use of aircraft or airport property." (1) Tex. Tax Code Ann. § 23.91(2) (Vernon
1992) defines "public access airport property" as "privately owned airport property that is
regularly used by the public for or regularly provides services to the public in connection
with airport purposes."

 An owner of a fee simple estate of at least five acres may limit the use of that part
of the property that is airport property to "public access airport property" by filing with the
county clerk an appropriate deed restriction of at least ten years' duration. Tex. Tax Code
Ann. § 23.92(a), (b) (Vernon 1992). A person is entitled to have airport property appraised
as "public access airport property" if (1) the property is restricted as outlined above, (2) the
property has been devoted exclusively as "public access airport property" in the preceding
year, (3) the person intends to use the property exclusively as "public access airport
property" in the current year, and (4) the person files a sworn application with the chief
appraiser the first year the person seeks to have the property appraised as "public access
airport property." Tex. Tax Code Ann. § 23.93(a) (Vernon 1992), § 23.94(a) (Vernon Supp.
2002).

 Beathard does not cite any authority for its theory that designating an airport as
"public access airport property" for property tax purposes constitutes a dedication of the
property to public use. The owner of "public access airport property" allows the public
regular use of the property for airport purposes or regularly provides services to the public
in connection with airport purposes. Tex. Tax Code Ann. § 23.91(2). The statute does not
say the owner cannot charge a fee for use of the facilities. 

 Beathard next contends the trial court erred in granting the permanent injunction
because the Airport failed to prove the requisite elements for obtaining such relief. We
review the granting or denial of a permanent injunction for an abuse of discretion. 
Operation Rescue-Nat'l v. Planned Parenthood, 975 S.W.2d 546, 560 (Tex. 1998). 
Injunctive relief may only be granted on a showing of (1) the existence of a wrongful act;
(2) the existence of imminent harm; (3) the existence of irreparable injury; and (4) the
absence of an adequate remedy at law. Jim Rutherford Invs., Inc. v. Terramar Beach
Cmty. Ass'n, 25 S.W.3d 845, 849 (Tex. App.-Houston [14th Dist.] 2000, pet. denied).

 Beathard contends that the Airport failed to show the existence of irreparable injury
and that there is no adequate remedy at law. However, where a trespass invades the
possession of a person's land, or destroys the use and enjoyment of that land, an
injunction is a proper remedy. City of Arlington v. City of Fort Worth, 873 S.W.2d 765, 769
(Tex. App.-Fort Worth 1994, writ dism'd w.o.j.). An injunction is also a proper remedy to
restrain repeated or continuing trespasses where the remedy at law is inadequate because
of the nature of the injury or the multiplicity of actions necessary to obtain re-dress. Bass
v. Champion Int'l Corp., 787 S.W.2d 208, 211 (Tex. App.-Beaumont 1990, no writ); see
also City of Arlington, 873 S.W.2d at 769. In such situations, the requirements of no
adequate remedy at law and irreparable damage are satisfied. Bass, 787 S.W.2d at 211.

 In Musgrave v. Brookhaven Lake Prop. Owners Ass'n, 990 S.W.2d 386, 393 (Tex.
App.-Texarkana 1999, pet. denied), the owner of a lake area development allowed access
to the lake and other recreational areas in the development to persons other than
development lot owners, in contravention of certain restrictive covenants encumbering the
property. The lot owners sought a permanent injunction enjoining the development owner
from allowing such access to nonlot owners. Id.

 This Court held the lot owners had title and exclusive rights to the easements,
including all of the roads, parks, and recreational areas, with the exclusive rights of fishing,
hunting, swimming, boating, and other recreational activities on all of the land described. 
Id. at 399. Consequently, we held the trial court did not abuse its discretion in granting the
permanent injunction. Id.

 In the present case, the Airport presented summary judgment proof that it is the
owner of the runway and taxiways, that Beathard's license agreement expired January 1,
2000, and that Beathard continued to use and allowed its tenants to use the runway and
taxiways after January 1, 2000. Under these circumstances, the trial court did not err in
granting the permanent injunction.

 Beathard next contends the trial court erred in granting the permanent injunction
because it raised affirmative defenses in avoidance of the injunction. Specifically,
Beathard contended the Airport's designation of the airport facilities as "public access
airport property" constituted a dedication of and an easement on the airport facilities for
public use. As such, Beathard contended the Airport waived its right to the license fees. 
Further, because the Airport stated in its pleadings in bankruptcy court that it designated
the airport facilities as "public access airport property," Beathard contended it was judicially
estopped from denying that designation.

 In response, the Airport attached to its motion for summary judgment the pleadings
and the judgment from a suit in which Beathard and other lot owners sued the Airport,
Lesikar, and several Lesikar family-controlled entities claiming (1) breach of their respective
license agreements and easement agreements; (2) antitrust violations under the Texas
Free Enterprise and Antitrust Act; (3) intentional infliction of emotional distress; (4) fraud;
(5) violations of the Texas Deceptive Trade Practices Act (DTPA); (6) conspiracy; (7) usury;
(8) tortious interference with business relationships, contracts, property rights, and
business opportunities; (9) breach of the duty of good faith and fair dealing; (10) frivolous
and bad faith litigation; (11) harassment; (12) unreasonable enforcement of deed
restrictions; (13) conversion; (14) extortion; (15) oppression; and (16) intimidation. (2) Based
on the summary judgment proof, the trial court granted the Airport's motion for summary
judgment, explicitly finding Beathard's affirmative defenses were barred by res judicata and
collateral estoppel.

 Res judicata, also known as claim preclusion, prevents the relitigation of a finally
adjudicated claim and related matters that should have been litigated in a prior suit. State
& County Mut. Fire Ins. Co. v. Miller, 52 S.W.3d 693, 696 (Tex. 2001). It requires proof of
three elements: (1) a prior final judgment on the merits by a court of competent
jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action
based on the same claims as were raised or could have been raised in the first action. 
Amstadt v. United States Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996). Further, a
judgment is generally final for purposes of claim preclusion, regardless of the taking of an
appeal. Tex. Beef Cattle Co. v. Green, 921 S.W.2d 203, 207 (Tex. 1996).

 Beathard contends the former litigation involved a license agreement that expired 
January 1, 2000, while its purported trespass on the airport facilities occurred after that
date. However, Beathard's defense in the present litigation was that there was no trespass
because the Airport dedicated the airport facilities to the public by designating it "public
access airport property." This argument, if successfully maintained in the former litigation,
would have provided Beathard and the other lot owners a ground for a judgment in their
favor. As such, Beathard's claim could have been brought in its action against the Airport
in the former litigation, making summary judgment appropriate on the ground of
res judicata. We need not address the Airport's contention that summary judgment was
also appropriate on Beathard's defenses based on collateral estoppel.

 Beathard also contends the trial court erred in granting the permanent injunction
because the Airport had unclean hands. The Airport contends Beathard waived the issue
by not including, in its response to the Airport's motion for partial summary judgment, proof
showing the Airport had unclean hands.

 The Airport is correct. Beathard's unclean hands contention is in the nature of an
affirmative defense to the Airport's request for a permanent injunction. A party's failure to
raise a matter in avoidance as an affirmative defense in its response to a motion for
summary judgment constitutes a waiver of the affirmative defense on appeal. Valdez v.
Pasadena Healthcare Mgmt., Inc., 975 S.W.2d 43, 45 (Tex. App.-Houston [14th Dist.]
1998, pet. denied); Hollingsworth v. City of Dallas, 931 S.W.2d 699, 705 (Tex. App.-Dallas
1996, writ denied); Lively v. Carpet Servs., Inc., 904 S.W.2d 868, 875 (Tex. App.-Houston
[1st Dist.] 1995, writ denied); Folkes v. Del Rio Bank & Trust Co., 747 S.W.2d 443, 445
(Tex. App.-San Antonio 1988, no writ); Del Rio v. Jinkins, 730 S.W.2d 125, 128 (Tex.
App.-Corpus Christi 1987, writ ref'd n.r.e.); Sterling Constr. Co. v. W. Tex. Equip. Co., 597
S.W.2d 515, 517 (Tex. Civ. App.-Amarillo 1980, no writ). Therefore, we hold the trial court
did not abuse its discretion in granting the permanent injunction.

 Beathard next contends the trial court erred in granting the Airport's motion for
partial summary judgment on Beathard's counterclaims against the Airport and its
third-party claim against Lesikar. In those claims, Beathard alleged the Airport was
Lesikar's alter ego and raised causes of action for tortious interference with contract,
malicious prosecution, wrongful injunction, and fraudulent misrepresentation. 

 In its order granting summary judgment, the trial court found the Airport was entitled
to judgment as a matter of law on Beathard's claims for tortious interference with contract,
malicious prosecution, and wrongful injunction. The trial court also found Beathard's
claims of alter ego, fraud, and misrepresentation were barred by res judicata and collateral
estoppel. 

 Beathard contends that, by wrongfully obtaining the injunction, the Airport tortiously
interfered with its contracts with its tenants. The elements of tortious interference with an
existing contract are: (1) an existing contract subject to interference, (2) a willful and
intentional act of interference with the contract, (3) that proximately caused the plaintiff's
injury, and (4) caused actual damages or loss. Prudential Ins. Co. of Am. v. Fin. Review
Servs., Inc., 29 S.W.3d 74, 77 (Tex. 2000). A defendant may negate liability for tortious
interference with an existing contract on the ground its conduct was privileged or justified. 
Id. at 77-78. The justification defense can be based on the exercise of either (1) one's own
legal rights or (2) a good-faith claim to a colorable legal right, even though that claim
ultimately proves to be mistaken. Id. at 80.

 In its motion for partial summary judgment, the Airport contended it was legally
justified in interfering with Beathard's contracts with its tenants because it was legally
justified in seeking the injunction. Beathard contends the injunction was wrongful and
based on malicious prosecution.

 A person who obtains an injunction wrongfully is liable for damages caused by
issuance of the injunction. DeSantis v. Wackenhut Corp., 793 S.W.2d 670, 685 (Tex.
1990). There are two separate causes of action for wrongful injunction: one on the bond
ordinarily filed to obtain the injunction and another for malicious prosecution. Id.

 A cause of action on an injunction bond is predicated on a breach of the condition
of the bond, i.e., "that the applicant will abide the decision which may be made in the
cause, and that he will pay all sums of money and costs that may be adjudged against him
if the restraining order or temporary injunction shall be dissolved in whole or in part." Id.
(citing Tex. R. Civ. P. 684). To prevail on this cause of action, the claimant must prove the
temporary restraining order or temporary injunction was issued or perpetuated when it
should not have been and that it was later dissolved. Id. at 685-86. To prevail on a
malicious prosecution cause of action for wrongful injunction, the claimant must prove the
injunction suit was prosecuted maliciously and without probable cause and was terminated
in the claimant's favor. Id. at 686.

 In the present case, the trial court did not err in granting the Airport's motion for
partial summary judgment on Beathard's counterclaims for tortious interference with
contract, wrongful injunction, and malicious prosecution. The Airport's efforts to obtain the
injunction were based on an assertion of its own legal rights not to have Beathard or
Beathard's tenants trespass on the airport facilities. Therefore, the Airport was legally
justified in seeking the injunction.

 Further, Beathard did not contend the Airport was liable on the injunction bond, and
we have already held the trial court did not err in granting the injunction. Therefore,
Beathard's wrongful injunction claim fails as a matter of law. The injunction was not
terminated in its favor in the trial court and will not be terminated in its favor in this Court.

 Beathard also contends its alter ego and fraudulent misrepresentation claims were
not barred by res judicata or collateral estoppel. As mentioned previously, res judicata
prevents the relitigation of a finally adjudicated claim and related matters that should have
been litigated in a prior suit. Miller, 52 S.W.3d at 696. It requires proof of three elements:
(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of
parties or those in privity with them; and (3) a second action based on the same claims as
were raised or could have been raised in the first action. Amstadt, 919 S.W.2d at 652.

 Collateral estoppel, or issue preclusion, applies when an issue decided in the first
action is actually litigated, essential to the prior judgment, and identical to an issue in a
pending action. Tex. Dep't of Pub. Safety v. Petta, 44 S.W.3d 575, 579 (Tex. 2001). The
doctrine is designed to promote judicial efficiency and to prevent inconsistent judgments
by preventing any relitigation of an ultimate issue of fact. Id. Collateral estoppel does not
require mutuality. Id. It applies when the party against whom it is asserted had a full and
fair opportunity to litigate the issue in the prior suit. Id.

 In the former litigation, the plaintiffs, including Beathard, specifically alleged Lesikar
was the Airport's alter ego. This claim was finally adjudicated when the trial court issued
its final judgment in the previous litigation. Thus, the trial court did not err in granting
summary judgment on Beathard's alter ego counterclaim.

 The same cannot be said of Beathard's counterclaim for fraudulent
misrepresentation. In its counterclaim, Beathard contended the Airport and Lesikar
misrepresented that the licensing agreement would be renewed after January 1, 2000, on
substantially the same terms. In contrast, the plaintiffs in the former litigation, including
Beathard, contended the Airport and Lesikar induced them to pay money, which the Airport
and Lesikar fraudulently represented would be used exclusively for the maintenance of and
for ad valorem taxes on the easement property. 

 Therefore, Beathard's fraudulent misrepresentation claim was not decided in the first
action, making summary judgment on collateral estoppel grounds inappropriate. Also,
Beathard's fraudulent misrepresentation claim could not have been litigated in the former
case because the licensing agreement had not expired at the time of that suit. Thus,
summary judgment was inappropriate on the ground of res judicata.

 Nevertheless, the summary judgment must be affirmed because, in its order
granting summary judgment, the trial court found, "Further, those claims [for fraudulent
misrepresentation and alter ego] have been barred by the statute of limitations for over a
decade." The Airport did not raise the statute of limitations as a ground on which summary
judgment could be granted. In its motion for partial summary judgment, under the section
labeled "Complaints Previously Litigated," the Airport states, "Notwithstanding that [the
fraudulent misrepresentation] claim has been time-barred for the last sixteen years . . . this
very issue was fully developed during years of discovery and fully and finally adjudicated
by this [trial] Court during the prior case." (Emphasis added.) This conclusory statement,
unsupported by any argument or authority, does not raise limitations as a ground for
summary judgment. See Haynes v. City of Beaumont, 35 S.W.3d 166, 180-81 (Tex.
App.-Texarkana 2000, no pet.) (appellees' allegations of fact, with corresponding citations
to their summary judgment proof, were insufficient to constitute ground for summary
judgment in the absence of argument showing why appellees were entitled to summary
judgment).

 Though the trial court cannot grant summary judgment on a ground not asserted in
the motion, McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993),
this requirement can be waived if the appellant fails to raise an issue on appeal
complaining of the trial court's error or arguing that excess relief was improperly granted. 
Toonen v. United Servs. Auto. Ass'n, 935 S.W.2d 937, 942 (Tex. App.-San Antonio 1996,
no writ); see also William J. Cornelius & David F. Johnson, Tricks, Traps, and Snares in
Appealing A Summary Judgment in Texas, 50 Baylor L. Rev. 813, 853 (1998). Beathard
has not raised an issue complaining the trial court erred in granting summary judgment on
a ground not alleged in the Airport's motion. 

 We affirm the judgment.


 Donald R. Ross

 Justice


Date Submitted: February 27, 2002

Date Decided: March 21, 2002


Publish

1. Beathard cites Tex. Transp. Code Ann. § 25.002(1) (Vernon 1999) as providing a
further definition of "airport" as including one not requiring prior approval of the owner for
its use. Chapter 25 of the Transportation Code regulates obstructions to air navigation
control. The clear purpose of these statutes is to promote public safety; consequently, they
are clearly intended to reach as many airports as possible. In contrast, Chapter 22 of the
Transportation Code, which governs municipal and county airports, defines "airport" as an
area used or intended for use for the landing and takeoff of aircraft; an appurtenant area
used or intended for use for an airport building or other airport facility or right-of-way; and
an airport building or facility located on an appurtenant area. Tex. Transp. Code Ann.
§ 22.001(2) (Vernon 1999). In any event, even if an airport includes one not requiring prior
approval of the owner for its use, the statute does not say the owner of an airport cannot
charge a fee for its use.
2. In the former litigation, the trial court granted summary judgment in favor of the
Airport, Lesikar, and the other defendants, but the court of appeals reversed the trial court's
judgment. For a complete history of the former litigation see W. Houston Airport Corp. v.
Southwest Invs. Diversified, Inc., No. 01-99-00144-CV, 2001 Tex. App. LEXIS 2827 (Tex.
App.-Houston [1st Dist.] Apr. 26, 2001, no pet.) (not designated for publication).